MARYLAND CASUALTY CO. v. CARDILLO, Deputy Com'r, United States Employees Compensation Commission.

No. 7084.

United States Court of Appeals for the District of Columbia.

Decided Sept. 19, 1938.

William A. Powell, all of Washington, D. C., for appellees.

Before MILLER, EDGERTON, and VINSON, Associate Justices.

EDGERTON, Associate Justice.

This case involves the validity of an award of compensation [1] to the widow and minor child of a deceased employee. Jennings, an assistant cook in a restaurant, was killed with a meat cleaver by Steadman, a bus-boy. No one else was present. Steadman ran away and hid, but was taken and tried for murder. He pleaded self-defense and was acquitted. On June 30, 1936, the deputy commissioner made an order denying compensation, on the statutory ground that the death of Jennings resulted from his willful intent to injure another. On July 28, 1936, he vacated this order. On October 29, 1936, he held another hearing, at which Steadman testified. On March 3, 1937, he filed an order awarding compensation, on the basis of findings that Jennings's death resulted, not from his intent to injure another, but from an attack upon him by Steadman, "a fellow worker of lower rank, in the course of an altercation with respect to Steadman's manner of doing his work," and that the death arose out and in the course of Jennings's employment. Steadman's story was that Jennings criticized his manner of peeling potatoes, that Steadman resented it, that Jennings attacked Steadman, and that a fight followed in which Steadman killed Jennings. The deputy commissioner did not believe that Jennings attacked Steadman. The insurance carrier, pursuant to § 921(b) of the compensation act, filed a bill in the District Court to set aside the award, substantially on the grounds that (1) the deputy commissioner had no authority to issue his vacating order and his subsequent award of compensation, and (2) the findings on which the award rests are arbitrary and capricious. Defendants' motions to dismiss plaintiff's bill were granted, and plaintiff appealed.

Before a compensation order has become "final," under § 921 of the act, by the lapse of 30 days, it has been assumed that the deputy commissioner may vacate it. Globe Stevedoring Company, Inc., v. Peters, D.C., 57 F.2d 256, 259; Crescent Wharf & Warehouse Com-

Edwin A. Swingle and Earnest A. Swingle, both of Washington, D. C., for appellant.

Ernest F. Coleman, David A. Pine, U. S. Atty., Allen J. Krouse, Asst. U. S. Atty., Z. Lewis Dalby, Charles T. Branham, and

---

[1] Under U.S.C.A. Tit. 33, Ch. 18, § 901 et seq., made applicable to the District of Columbia by D.C.Code 1929, Tit. 19, Ch. 2, §§ 11, 12, 33 U.S.C.A. § 901 note.

pany v. Pillsbury, 9 Cir., 93 F.2d 761. The vacating order was filed less than 30 days after the original order of June 30. It asserted that the original order was based on hearsay, with no "residuum of competent legal evidence." We need not examine this comment. The deputy commissioner's authority to vacate the order did not depend on his reasons for doing so. Moreover, appellant did not seek judicial review of the vacating order within 30 days, as § 921 of the act would seem to require.

■ But wholly irrespective of the vacating order, the deputy commissioner had authority, under § 922 of the act, to hold the new hearing of October 29, 1936, and issue the compensation order of March 3, 1937. Section 922 provides:

"Upon his own initiative * * * because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this chapter, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase,. or decrease such compensation. * * *"

As the deputy commissioner's later findings of fact contradicted his earlier ones, evidently he thought that a "mistake in a determination of fact" had been made. An order rejecting a claim for compensation is a compensation order;[2] and the deputy commissioner may review a compensation case "whether or not a compensation order has been issued." He may therefore review a rejection of compensation; as no compensation had been paid, the time limit of "one year after the date of the last payment of compensation" had not even commenced to run; and "that this review was called a rehearing is unimportant." Crescent Wharf & Warehouse Company v. Pillsbury, 9 Cir., 93 F.2d 761, 764.

■ The second hearing was in October, and the compensation order was not issued until the following March, whereas § 919 provides that the deputy commissioner "shall within twenty days after such hearing is had, by order, reject the claim or make an award in respect of the claim." But this limitation is directory, not mandatory or jurisdictional. Coombs v. Industrial Accident Commission, 76 Cal. App. 565, 245 P. 445; Home Petroleum Company v. Chipman, 106 Okl. 225, 233 P. 738; Fallon v. Hattemer, 229 App.Div. 397, 242 N.Y.S. 93. The insurance carrier did not ask for a prompt decision. It cannot complain now of the fact that it was allowed to withhold compensation payments until March when it should have been required to commence them in November.

■ Appellant seriously contends that because Steadman was the only surviving witness of the homicide, it is arbitrary and capricious not to believe his story that Jennings attacked him and that he killed Jennings in self-defense. If this doctrine were law, murderers would be safer and peaceful citizens less safe than they are; for it would mean that a man need only catch his enemy alone to kill him with impunity. The deputy commissioner based his rejection of Steadman's self-defense story on three grounds: his self-interest, discrepancies in his statements, and his physique in relation to Jenning's height of 5 feet 6 inches and weight of 102 pounds. Appellant attacks these grounds of rejection, but without reason. Though Steadman had been acquitted of murder he still had, as everyone has, social and economic interests in being thought innocent. His original confession did not, and his later testimony did, put a knife in Jenning's hands. There was no testimony about Steadman's physique, but the deputy commissioner saw him testify, and it was as proper for the deputy commissioner to use his eyes as his ears. Joyce v. United States Deputy Commissioner for First Compensation District, D. C., 33 F.2d 218. Steadman's flight, also, had some tendency to discredit his story. The evidence did not require a finding that the death of Jennings resulted from his "willful intention * * * to injure or kill" Steadman.

■ The evidence supports the finding that the death arose out of the employment. This court has held that an unexplained attack upon a workman by a stranger, on the employer's premises, arose out of the employment. Hartford Accident & Indemnity v. Hoage, 66 App.D.C. 160, 85 F.2d 417. A fortiori if, as here, a quarrel over work leads one employee to

---

[2] Sections 919(e), 921(d). 33 U.S.C.A.

strike another, the resulting injury arises out of the employment. A long line of cases so hold. In some, the quarrel began with a lower servant's resentment of a higher servant's criticism. Rydeen v. Monarch Furniture Company, 240 N.Y. 295, 148 N.E. 527. But it is not necessary that either antagonist have authority over the other. Pekin Cooperage Company v. Industrial Commission, 285 Ill. 31, 120 N.E. 530; Hinchuk v. Swift & Company, 149 Minn. 1, 182 N.W. 622; Verschleiser v. Stern & Son, 229 N.Y. 192, 128 N.E. 126; Farmers' Mfg. Co. v. Warfel, 144 Va. 98, 131 S.E. 240. Accordingly nothing turns on the deputy commissioner's finding that Steadman was "a workman of lower rank" than Jennings; but that finding, like the others, is supported by evidence.

Affirmed.