**BETHLEHEM SHIPBUILDING CORPORATION, Limited, et al. v. CARDILLO et al.**

No. 3392.

Circuit Court of Appeals, First Circuit.

March 2, 1939.

La Rue Brown, of Boston, Mass. (Elias Field and Brown, Field & McCarthy, all of Boston, Mass., on the brief), for appellants.

Samuel B. Horovitz, of Boston, Mass. (B. A. Petkun, of Boston, Mass., on the brief), for appellee Archie Adams.

John A. Canavan, U. S. Atty., of Boston, Mass., and Z. Lewis Dalby, Chief Counsel, U. S. Employees' Compensation Commission, of Washington, D. C., for Deputy Commissioners.

Before BINGHAM and WILSON, Circuit Judges, and PETERS, District Judge.

BINGHAM, Circuit Judge.

This is an appeal from a final decree on July 25, 1938, of the federal District Court for Massachusetts dismissing a libel brought under Section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1436, Title 33 U.S. C. Section 921(b), 33 U.S.C.A. § 921(b), to set aside an order of deputy commissioner Cardillo, in the First Compensation District, filed March 3, 1937, and awarding compensation under the Act to the claimant Adams.

It appears that the claimant, a longshoreman, sustained an injury on April 14, 1932, arising out of and in the course of his employment by the Bethlehem Shipbuilding Corporation, Ltd., while repairing a certain vessel on the navigable waters of the United States; that the injury was caused by the falling of a plank upon his head; that on December 26, 1934, the defendant Monahan, the regular deputy commissioner for the district, awarded the claimant compensation for temporary total disability from the date of the injury (April 14, 1932) to and including December 26, 1934, at the rate of $16.67 a week; that, thereafter, on August 21, 1936, the same deputy commissioner awarded the claimant further compensation for temporary partial disability from December 26, 1934, to December 27, 1935, at the reduced rates of $10 per week for a portion of the time and $3.20 per week for the balance, rejected his claim for further compensation after December 27, 1935, and found that the claimant had not been disabled as a result of his injury since that date (December 27, 1935); that the last payment of compensation under the order of August 21, 1936, was made September 2, 1936; that, thereafter and within one year of said last payment, the claimant made an application under Section 22 of the Act, as amended, May 26, 1934, 48 Stat. 807, Title 33 U.S.C. Sec. 922, 33 U.S.C.A. § 922, alleging a mistake in the determination of a fact by the deputy commissioner and a change in conditions relative to the period and extent of his disability, and further proceedings were had before deputy commissioner Cardillo (temporarily detailed to act as deputy commissioner during deputy commissioner Monahan's absence), who, after a hearing and the submission of new evidence and that previously taken by deputy Monahan, found that the claimant, after December 27, 1935, and before February 9, 1937, the date of the Cardillo hearing, was temporarily totally disabled and entitled to compensation at the rate of $16.67 per week; that at the hearings before deputy Monahan the claimant had no physicians to testify in his behalf while several experts testified in behalf of the plaintiffs; that at the hearing before Cardillo several doctors, who qualified as experts, were called by the respective parties and testified; that stenographic reports of the evidence before deputy Monahan and numerous reports of doctors who had examined or operated on the claimant, were submitted in evidence, and the claimant and other witnesses testified.

Based on this evidence deputy Cardillo made the above finding of temporary total disability after December 27, 1935, and, among other things, further found that the claimant had sustained definite brain damage with scar formation; that he now had distinct nystagmus and a deficient eye muscle balance due to the injury; that since the injury, and as a result of it, he has suffered and continued to suffer headaches, dizziness, impaired hearing in both ears, sleeplessness, nervousness and epileptic seizures; that the symptoms developed immediately following the injury and had persisted since without independent or intervening cause; that the injury had also resulted in a definite retarding of mentality, impairment of efficiency, and a change in personality; that prior to the injury the claimant indulged in the use of alcoholic liquors; that the injury had reduced his tolerance for alcohol but had

increased his desire for it; that such sensitivity to alcohol was a symptom of brain injury; that the claimant's behavior and alcoholism following the injury were casually related to the injury; that as a result of his injury the claimant was permanently and wholly incapacitated for performing his regular work as an iron worker and holder-on; that he was unable to climb, bend, lift or perform any hard or laborious work or to do anything requiring sustained effort; that any attempt to perform work would be dangerous to himself and to others; and that he is only able to do some special light work, such as sitting at a bench doing basketry.

■ The plaintiffs' libel, brought under Section 21(b), 44 Stat. 1436, Title 33 U.S.C. Sec. 921(b), 33 U.S.C.A. § 921(b), seeking to set aside and restrain the enforcement of the Cardillo order of March 3, 1937, was seasonably brought, for it was filed March 6, 1937, within three days after the entry of deputy Cardillo's order, which the plaintiffs allege was not in accordance with law.

The questions raised by the plaintiffs' assignments of error, in support of their contention that the award of Cardillo is not in accordance with law, are: (1) that Section 22, as amended, 48 Stat. 807 does not apply to a case where the injury was sustained prior to the effective date of the amended section; (2) that if the section, as amended, applied, deputy Cardillo failed to make an express finding of a "change of conditions" or "a mistake in a determination of fact", as required by the Section; and (3) that no "change of conditions" of the employee, or "mistake in the determination of a fact" by deputy Monahan, could be found to exist within the meaning of those words as used in Section 22.

The plaintiffs' first contention that Section 22, as amended, does not apply to a case where the injury was sustained prior to the effective date of the amended statute, is without merit. Section 22, as amended, as to which this assignment of error relates, reads as follows:

"Modification Of Compensation Cases.

"Sec. 22. Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case in accordance with the procedure prescribed in respect of claims in section 19, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the deputy commissioner with the approval of the commission."

■ It is to be noted that Section 22, as amended, expressly authorizes a review by the deputy commissioner of "a compensation case in accordance with the procedure prescribed in respect of claims in section 19, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation", "at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued", predicated "on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner". And the last sentence of Section 22, as amended, means that while the new order "may be made effective from the date of the injury", it "shall not affect any compensation previously paid", but any prior payments in excess of a decreased award "shall be deducted from any unpaid compensation". In other words the insurer in no case receives back any compensation previously paid but may have prior excess payments credited or allowed upon a present award, future awards, or any prior unpaid award "in such manner and by such method as may be determined by the deputy commissioner with the approval of the Commission".

It is plain enough from an examination of the evidence and the record in this case that Cardillo, on February 9, 1937, had before him under review a compensation

case, and, following the procedure prescribed in Section 19, as directed in Section 22, could in a proper case issue a new compensation order, predicated upon a change in conditions or a mistake in a determination of fact by deputy Monahan, awarding an increase in compensation effective from the date of the injury. The record, however, shows that he did not regard this such a case, as he did not make his compensation award effective from the date of the injury (April 14, 1932), which occurred prior to May 26, 1934, when Section 22, as amended, took effect, for his award went back only to December 27, 1934, some months after the amendment became effective. In other words the new award made under Section 22 was not a retroactive application of Section 22, but a prospective one and in accordance with the law existing at the time it was made.

We therefore hold that Section 22, as amended, applies to a new award made thereunder and in modification of a prior award made after Section 22, as amended, became effective, even though the injury, out of which the new award arose, was sustained prior to the time the amended section took effect.

Having held that Section 22, as amended, is applicable to the compensation case which deputy Cardillo had before him on review, the next question is whether Section 22, as amended, required that he should state in so many words that he found a change in conditions or a mistake in a determination of fact by deputy Monahan, or whether the language of that section is complied with if his new compensation order contains findings of fact disclosing a change of conditions or a mistake in the determination of fact by Monahan upon which he predicated his new award of March 3, 1937. Cardillo in his findings of fact did not state in words that he found a change in conditions or a mistake in a determination of fact by deputy Monahan, and the language of Section 22, as amended, does not in terms require such a statement. But he stated in his new order specifically and in detail the facts that he found, and, immediately following the statement of facts, he stated that his new order or modification of Monahan's order of August 21, 1936, was made "upon the foregoing facts".

Section 22, as amended, is a remedial statute and calls for a liberal construction; and where it is plain from the facts found by the deputy commissioner, acting under that section, that his order is based either on a change of conditions or on a mistake in regard to the determination of a fact by the deputy commissioner making the order in the compensation case under review, the intent and meaning of the statute are adequately complied with. The order of deputy Cardillo shows that he was acting under Section 22, as amended; for the order so states. He also had before him the prior award of deputy Monahan granting the claimant compensation for temporary partial disability down to December 27, 1935, and which rejected his claim for compensation thereafter, on the ground that he "had not been disabled as the result of the injury since that date". With deputy Monahan's prior award and the evidence submitted for his consideration at the hearing before him, he found that the claimant was temporarily totally disabled after December 27, 1935, and based his new order for increased compensation on that finding and numerous other specific findings as to the claimant's condition, and it cannot reasonably be contended that his new award was not based on his finding of the claimant's change in condition from what deputy Monahan found it to be (no disability after December 27, 1935 due to the injury) to what he found it to be (total disability due to his injury). To hold that, under such circumstances, the finding of deputy Cardillo did not in these respects answer the requirements of Section 22, as amended, would, to our minds, be a traversity on the law.

Cardillo not only found that there was a change of condition but that the changes in the claimant's condition that had taken place were both physical and mental; that he sustained a definite brain damage with scar formation, a definite retarding of mentality, a distinct nystagmus and a deficient eye muscle balance and impairment of hearing; that he suffered from headaches, dizziness, nervousness, epileptic seizures, impairments which totally incapacitated him from engaging in his old occupation or in any occupation where he had to work in conjunction with others, as it would be hazardous not only to himself but to those with whom he worked. There can be no doubt that deputy Cardillo found facts showing changes in claimant's condition, physical and mental, depriving him of the ability to labor after

December 27, 1935, due to his injury, and also found a mistake in a determination of fact by deputy Monahan, for Monahan found that the disability of the claimant after December 27, 1935, was not the result of the injury of April 14, 1932, while Cardillo found that his disability at that time was the direct result of the injury. Maryland Casualty Co. v. Cardillo, App.D.C., 99 F.2d 432, 434.

The last reason assigned by the plaintiffs why the new order of Cardillo awarding compensation is not in accordance with law is, as we understand it, that the evidence submitted for his consideration was of such a character that no change of condition or a mistake in a determination of fact could properly be found from it within the meaning of those words as used in Section 22, as amended.

■ At the argument and in the plaintiff's brief it seems to be conceded that a finding of "change of conditions" may be made upon any probative evidence a deputy commissioner might avail himself of in determining an original award of compensation under Section 19(d), 44 Stat. 1435, Title 33 U.S.C. Sec. 919(d), 33 U.S.C.A. § 919(d), which simply provides: "(d) At such hearing the claimant and the employer may each present evidence in respect of such claim and may be represented by any person authorized in writing for such purpose."

But in Section 23(a), 44 Stat. 1436, Title 33 U.S.C., Sec. 923, 33 U.S.C.A. § 923(a), it is provided: "In making an investigation or inquiry or conducting a hearing the deputy commissioner shall not be bound by common law or statutory rules of evidence, or by technical or formal rules of procedure, except as provided by this Act [chapter]; but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties."

■ In view of this section we do not think that deputy Cardillo, acting under Section 22, as amended, was limited by the common law or statutory rules of evidence, or by any technical or formal rules of procedure other than those provided in the Longshoremen's and Harbor Workers' Compensation Act, and could receive such evidence for the determination of the above stated matters as, in his judgment, would "best ascertain the rights of the

parties"; and the rule enforced in judicial proceedings, in respect to the redetermination of a fact, that only newly discovered evidence is competent, is without application. See Clyde-Mallory Line v. Cardillo, D.C., 22 F.Supp. 40; Maryland Casualty Co. v. Cardillo, App.D.C., 99 F.2d 432, 434.

■ Other questions have been argued that were not assigned as error and which we are not called upon to consider, but we will say there was substantial evidence to sustain the specific findings made, including the finding of temporary total disability of the claimant after December 27, 1935, due to the injury, whether during a portion of that time he was incarcerated or not.

■ It may also not be amiss to say that the jurisdictional facts essential to a deputy commissioner's award of compensation under the Act are: (1) that the relationship of employer and employee exist at the time of the accident; and (2) that it occurred on the navigable waters of the United States. These facts are open to review in the District Court in a proceeding under Section 21(b) brought within thirty days of the compensation award sought to be reviewed. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L. Ed. 598; Pillsbury v. Alaska Packers Ass'n, 9 Cir., 85 F.2d 758, 761, 762 (dissenting opinion of Judge Wilbur). But we do not regard the findings of fact showing "a change in conditions" or mistake in the finding of a fact by the deputy commissioner, on which he may base his new order for a modified award, as jurisdictional. The deputy commissioner commits an error of law if he does not make the findings and base his modified award upon one or both of them, but the question is one of error of law, not jurisdictional, the same as where it is asserted that there is no substantial evidence to support the findings. And these facts, not being jurisdictional, cannot be tried de novo in the District Court in a proceeding seasonably brought under Section 21(b), and nothing of the kind was attempted in this case. But if they were jurisdictional and open to reconsideration de novo in the District Court, the only evidence before the court in this case was that submitted to deputy Cardillo, and, the District Court having dismissed the libel, the presumption is that it found all the facts essential to the new

order of the deputy commissioner of which there was evidence; and, as above said, there was substantial evidence to support the findings.

The decree of the District Court is affirmed.