**STANSFIELD v. LYKES BROS. S. S. CO., Inc.**

No. 9930.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1941.

Rehearing Denied Jan. 12, 1942.

Owen D. Barker, of Galveston, Tex., for appellant.

M. L. Cook, of Galveston, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was brought under Sec. 21, Longshoremen and Harbor Workmen's Compensation Act,[1] against Shepperd, the deputy commissioner, and against the claimant to set aside a second award of date, February 1, 1941, modifying and increasing by 10%, the award of 15% permanent partial disability, the commissioner had made June 6, 1939. The claim was; that by the terms of the Act the first award became final 30 days thereafter and could not be changed or amended except (1) "on the ground of a change in conditions," or (2) "because of a mistake in a determination of fact by the deputy commissioner;"[2] and that the so-called second award was procedurally[3] and in substance,[4] invalid.

The defense on procedural grounds was; that the applicable procedure is that presented by Section 919; that the procedure so prescribed is completely informal and does not require any specific charge or basis to be laid; and that therefore there was no denial of due process or of a hearing when the commissioner, the proof all

---

[1] 33 U.S.C.A. § 921.

[2] Title 33 U.S.C.A. § 922. "Modification of awards. Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation."

[3] Because made after a hearing called and conducted throughout on the ground of a change in conditions and not of a mistake in a determination of fact by the commissioner. There was no evidence of change and the award was based upon mistake.

[4] Because assuming, though the hearing was on the ground of a change in condition, that a finding of mistake would have been permissible if the evidence justified it, the evidence here wholly fails to show that there was a mistake in a determination of fact by the deputy commissioner.

in, based his award on mistake, though the proceeding was instituted to inquire whether there had been a change in conditions. The substantial defense was that the mistake referred to in the statute, was a mistake of fact as to the actual physical condition of claimant, and that the commissioner, on sufficient evidence, had found that there was.

The record before the district judge showed that the first award was entered in an informal proceeding in which the commissioner considered; an agreed statement of facts in which the parties in effect agreed, that the plaintiff had suffered a compensable injury of 35 weeks and one day, for temporary total disability, and a 15% permanent partial disability of the left arm, waived formal hearing and requested the entry of a formal order; the reports of two doctors, Dr. Eggers and Dr. Aves. This was the report of Dr. Eggers: "The force caused his shoulders to 'fold' together and 'tore lose' his left collar bone. His right shoulder and arm, hand and elbow, is all right. The medial or external end of the clavicle is dislocated upward and forward. There is a liberal amount of fibrous tissue about it creating a false joint. The motion is very free without restriction. As the shoulders are brought forward, there is a medial excursion of about one half inch. As this moves he complains of pain. The amount of permanent partial disability in this case, I would recommend is 15% of the left shoulder."

This was Dr. Aves' report: "The sling came against his left shoulder pinning his chest laterally. The result of this was a complete dislocation of the inner end of the left clavicle with wide separation and of course, bruises on both shoulders. On account of the extensive tearing of ligaments at the site of dislocation, the result is far from perfect. The man's complaints are not severe at the sight of dislocation as one would imagine, but he complains principally of pain in the left shoulder, which is due to a chronic arthritis, which no doubt was made worse by the injury. I estimate his permanent disability as 15% of the left shoulder region."

The award and order of June 6, 1939, followed the agreement and the doctors' reports, and gave claimant a 15% permanent partial disability. The installments under this award have now been fully paid. The award and order under review gave him 10% additional disability, and awarded him $466.76. The findings of fact upon which this order was based recite: The original injury and the first award; that the commissioner finds that as a result of the injury, he sustained, claimant has a permanent partial disability in that when he "lifts his left arm into certain positions, to-wit, at or above the level of his shoulder, the upper dislocated inner end of the left clavicle causes pressure on his trachea which embarrasses or interferes with his breathing"; that on June 6, 1939, the date the first award was entered and the compensation order issued, this fact was neither developed by either party at interest nor known to the deputy commissioner, the evidence presented by the attending physician being that he had 15% permanent partial disability affecting only the use of his left arm in the region of his shoulder; that the partial disability found in the left arm, was not the extent of the disability that he sustained; "that the pressure of the dislocated left clavicle which existed at the time but was not known to the deputy commissioner, exercised pressure on the trachea and added to the permanent partial disability in the left arm so that the award entered on June 6, 1939, was not adequate and in as much as a greater award would have been entered had the fact that the dislocated left clavicle caused pressure on the trachea been known, it therefore constituted a mistake as to the actual facts, as to the nature and extent of the permanent partial disability that existed when the first award was made." No finding was made by the commissioner as to a change in conditions but the evidence is conclusive that there was no change. The district judge made no ruling on the procedural point. Finding however that, though the commissioner did not know of the condition of pressure of the left clavicle on the trachea affecting claimant's breathing, the claimant did know of it,[5] and did

---

[5] He testified: "Any kind of movement bothers me. If I sleep on that side it cuts my wind off. If I lift it that high, it cuts my wind off." And also the record shows that while Dr. Aves was being questioned and was stating that the frac- ture does not interfere with his breathing it does not press against his trachea. Stansfield said, "He knows it does, I have told him a dozen times about that shoulder cutting my wind off. I can't sleep at night. It cuts my wind off." Dr. Aves:

not until the second hearing, advise the deputy commissioner of it, he held that "an employee may not thus withhold the facts from the deputy commissioner and be lawfully given a modification of the award on the ground of a mistake in a determination of fact by the commissioner." Declaring: "It is clear the case comes neither within the letter nor the spirit of Section 922," he gave judgment for plaintiff. Stansfield alone appealing, is here urging; that the decision, that because claimants held the information back, it could not be found that there was a mistake in a determination of fact by the commissioner, was erroneous; that the sole question is whether there was a mistake, however induced or brought about, in a determination of fact; that though plaintiff's witnesses disputed the fact, the commissioner, on the evidence of claimant and of two physicians, that the clavicle does press upon his trachea and affect his breathing, has found that he did make a mistake in his determination of fact that the sole injury was to his left arm, in that he did not know of the additional injury when he made his first award and would not have so made it if he had known of it. He therefore insists that the commissioner properly held that there had been a mistake of fact in the first hearing and properly gave a new award.

Appellee insists: That the district judge was right; that the statute authorizing a re-opening for "mistake in a determination of fact by the commissioner", does not contemplate a case of this kind, where the fact now relied on though fully known to, was not presented by the claimant, but on the contrary he agreed that the injury in fact and in extent, was as first found by the commissioner; that it has to do with cases where, upon evidence presenting the true conditions, the commissioner has made a mistake of fact, or where through ignorance of the facts the parties have failed to produce evidence of the true conditions. It insists too upon its procedural point; that the judgment should be affirmed for the further reason, that an award is final and conclusive and may not be re-opened except in a proceeding where the parties have notice and a hearing; and that the notice here having been for a hearing on the issue of change in condition, and the hearing having been held on that ground with the evidence showing that there was no change, there was no proper ground for the re-award.

We cannot agree with appellee on its procedural point. The procedure was and should be informal and while it is true that the inquiry was prosecuted to determine if the physical fact in question, the pressure of the clavicle on the trachea, existed as a change of condition, the fact about it was fully developed by testimony pro and con, and as developed was in the record, for such effect on claimant's rights as it was entitled to. There was no formal pleading and it would be to import into a most informal proceeding the most formal kind of pleading rules, to hold that the evidence was not in for all purposes merely because there was no formal setting up of the issue of mistake. Besides no complaint of this was made to the Commissioner. No effort was made after the announcement of his award to have him re-open the matter for further testimony, and it is too late now to put forward the claim that such testimony was or might be available.

On the substantial defense that the evidence does not show a mistake in a fact determination within the statute, the case is not without its difficulties. Nearly all Compensation Acts, State as well as Federal, have from the beginning had provisions in them for re-opening and re-awarding for change in condition. Many have from the beginning had a provision for re-opening for mistake. Some like the Federal Act, have introduced it by amendment. Some have had provisions giving a general right to re-open. It is therefore impossible from a study of the varying state compensation acts,[6] and the decisions under them, to deduce any general rule which could apply here, for the language here used is different from that used in any State act to which our attention has been called. If the provision here were a general one, as some of the State provisions are, a typical provision being "that the disability has changed or upon the ground of mistake," it, under the authorities generally, would certainly include a mistake as to the nature and extent of the physical injury, where the mistake of the commis-

"But it does not go anywhere near your windpipe." Stansfield: "I have to give way in my shoulder. I have got no strength in it. I have told you that."

6 Workmen's Compensation Acts Schneider Second Ed. Vol. 2, Sec. 552.

sioner was not one induced by the failure or oversight of the parties in not introducing evidence then available to them. Some of the cases hold as in Minnesota, that new evidence may be admitted to change the award, if the evidence is newly discovered. Some do not limit it so strictly.

As to the Federal statutes, while there have been many cases on "change in conditions", and these have given the act a liberal construction, there has been little written on "mistake in a determination of fact by the * * * commissioner." What has been written has been mainly in the district court and much of that has been obiter. No case has been found by us which deals with or discusses the precise question on which this case went off below, that the claimant knew the facts and kept them from the commissioner and having done so, he cannot claim that the commissioner made a mistake in the determination of a fact. In Gravel Products v. McManigal, D.C., 14 F.Supp. 414, 415, the proceeding assailed was one, not for a change in conditions but, to re-open an award "on the ground, in substance, of the discovery of the fact that testimony in full had not been given on the previous hearing and that the commissioner had erred in his decision." Held: (1) that in such a proceeding further hearings may be held and new evidence taken, but (2) if the ruling was clearly made on all the evidence introduced at a hearing of which the parties had notice and at which they had opportunity to appear and it is not shown that the new evidence was newly discovered, that is, was not known to, and could not have been by due diligence, discovered by claimant, it could not be said that there was "a mistake in a determination of fact by the * * * commissioner."

In Clyde-Mallory Lines v. Cardillo, D. C., 22 F.Supp. 40, the assailed proceeding was one before a substituted deputy commissioner for a new award because of a mistake in the determination of a fact by the regular commissioner. Held: (1) That the substituted commissioner had jurisdiction; (2) that he was not confined to the evidence adduced at the first hearing; (3) though the judge inclined to the view that the finding of a certain percentage of disability could be regarded as a mistake in a determination of fact, and could be, upon the same evidence, corrected by another commissioner who reached a different view

as to the percentage, it was not necessary to decide this fact, because (4) there was evidence of additional physical disability, not had at the former hearing, sufficient to support the finding of mistake of fact. Though in the discussion in this case, McManigal's case was several times cited, the point on which it went off, that the new evidence must be newly discovered was not dealt with. In Bonato's case, Texas Employers' Insurance Association v. Sheppeard, D.C., 42 F.Supp. 689, 1938 A.M. C. 680, the proceeding attacked was one in which a new award on the ground of a mistake in the determination of a fact had been based on the evidence of an additional witness, a physician who testified not to any more or different physical disability than had been testified to on the first hearing, but who gave it as his opinion, that 75% instead of 60% was the proper amount of permanent partial disability to be awarded. Held: There was no mistake in a determination of fact by the commissioner. "He considered and gave the fullest effect to all of the evidence, finally making an award which exhibited a full understanding and appreciation of the evidence and of its effect. All that has occurred here is that an additional witness has been offered whose evidence furnishes the basis for a higher award. The statute does not say, it does not mean, that a compensation proceeding may be reopened whenever any party finds a witness who can testify more favorably for him than his other witnesses had done. It permits a reopening if there has been a change in conditions or a mistake in a determination of fact. These are clear conditions, simply expressed and easily understood. Unless one or the other of them appears, there may be no reopening. Neither appears here."

In Maryland Casualty Co. v. Cardillo, 69 App.D.C. 199, 99 F.2d 432, 434, after the award of compensation had been decided, on a finding of fact that the death for which compensation was sought, resulted from wilful intent to injure another, a new hearing was ordered within 30 days after the first award was made, and therefore before it became final. On new evidence, a new finding that the deceased instead of being the attacker was the attacked, was made and an award of compensation followed. The appeal was from a denial of an injunction against this award. The court held the award valid because the first award was vacated before it became final. It declared in addition, that irre-

spective of the right to vacate within 30 days, the commissioner had authority to re-open under Section 922 and that "as the deputy commissioner's later findings of fact contradicted his earlier ones, evidently he thought that a 'mistake in the determination of fact' had been made."

In Bethlehem Shipbuilding Corp. v. Cardillo, 1 Cir., 102 F.2d 299, 302, the appeal was from a judgment refusing to enjoin and set aside a second award. The attacks upon the judgment material here were, (1) there was no express finding by the commissioner of a change in condition "or 'mistake in the determination of fact'" as required by the section; (2) that no change in condition "or 'mistake in the determination of fact'" was shown. Held: (1) The section which authorizes the procedure for a re-opening is a remedial one and should be liberally construed as requiring no formal findings either of change in condition or of mistake in a determination of fact, if the substance of such findings appears, and (2) that there was ample evidence that there had been a change in conditions.

In the course of a discussion it was said, citing Clyde-Mallory Lines v. Cardillo and Maryland Casualty v. Cardillo, supra, and Section 923(a) 33 U.S.C.A., "the commissioner shall not be bound by common law or statutory rules of evidence, or by technical or formal rules of procedure, * * * but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties"; that the rule enforced in judicial proceedings in respect to the determination of a fact, that only newly discovered evidence is competent, is without application.

■ Informal as are proceedings under Workmen's Compensation Statutes in general, and liberal as the procedural rules governing them should be and are, it must be borne in mind; that except as the Statute otherwise provides, a final award is, generally speaking, res judicata;[7] that the Federal statute which authorizes both the original and the supplementary proceeding provides in Section 921, that a compensation order "shall become final at the expiration of the thirtieth day thereafter"; and that the authority in Section 922, for the modification of an award, is conditioned "on the ground of a change in conditions" or "of a mistake in a determination of fact by the deputy commissioner."

■ While we think it plain therefore, that new evidence may be fairly introduced in a proceeding to re-open on the ground of a mistake in the determination of a fact, and that this new evidence need not be "newly discovered", we think it equally plain that the statute means something more than that the commissioner may change his mind whenever he pleases, and either on the same evidence or on new evidence, without a showing that there was a mistake in a determination of fact, make a new award. The general right to make a new award which is allowed under the terms of some statutes is one thing, and the right to make a new award on the limited grounds set out in the Federal statutes is quite another. Under the Federal statutes, a re-award may not be made unless there is evidence reasonably supporting the finding, on which the new award must rest, of a change of conditions, or of a mistake in the determination of a fact by the commissioner. Applying these rules to the case at bar, we think it clear that, the commissioner had a right to re-open the proceeding to determine whether the claimed additional disability was the result of a change in condition. We think it equally clear that the evidence offered on the new hearing was competent to prove, and if believed, was sufficient to sustain the commissioner's finding, that he made a mistake in the determination of a fact, to-wit, the nature and extent of claimant's physical disability, and that, claimant's failure to present it on the first hearing aside, the commissioner, on finding that there was no change of condition but that he had mistakenly determined a fact as to claimant's disability, had a right to make a new award on the ground of mistake. It remains only to inquire whether claimant, knowing at the time of the first hearing, of the disability he now complains of, the pressure on his trachea, by entering into an agreed statement of facts, which did not take this pressure into account in fixing his disability, is precluded from bringing it forward in the second hearing to establish that the commissioner made a mistake in the determination of a fact, the nature and extent of his disability. We do not think so. The statute not only does not authorize, it prohibits settlements or

---

[7] Workmen's Compensation Award Annotation, 122 A.L.R. 550, et seq.

agreements, except those arrived at in certain limited cases and in a certain definite way, affecting the compensation to which claimant is entitled by law. Under these statutes, neither stipulation nor agreement as to the extent of injuries and the amount of compensation to be paid, will estop claimant, or in any manner prevent him, from recovering what is justly due him.

The determination of that is at last for the commissioner. His decision on it, if supported by evidence, is final. The commissioner definitely found, that because of the fact that evidence of the pressure on the trachea was not before him, he mistakenly found the fact as to claimant's disability. The re-award in question here was made to correct that mistake. We find nothing in the proceedings, nothing in the re-award itself, which subjects it to corrective review. The libel should have been dismissed. The decree is reversed and the cause is remanded with directions to dismiss it.

HOLMES, Circuit Judge (dissenting).

I agree with the district judge that an employee may not withhold the facts from the deputy commissioner and later ask for a modification of the award. Because the appellant knew at the time of the first hearing of the disability upon which he now relies, I think he is estopped to ask for a second hearing on the ground of such disability. The judgment appealed from, in my opinion, should be affirmed.