CANDADO STEVEDORING CORPORA-TION v. WILLARD, Deputy Commissioner.

C. 10608.

United States District Court
E. D. New York.

April 28, 1950.

Burlingham, Veeder, Clark & Hupper, New York City, and B. E. Haller, New York City, for plaintiff.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., and Nathan Borock, Brooklyn, for defendant.

INCH, Chief Judge.

This is an action brought by plaintiff employer under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., to set aside a compensation order made by defendant as Deputy Commissioner, dated February 3, 1950.

Defendant moves for summary judgment dismissing the complaint, and plaintiff moves for an interlocutory injunction staying payment of the amounts awarded by the said order. On the argument, plaintiff, with the consent of defendant, was permitted to make a cross-motion for summary judgment setting aside the compensation award.

From the papers before me, the following facts appear to be undisputed: claimant, Frank Venery, was injured while in plaintiff's employ as a longshoreman, on September 19, 1935. Pursuant to the provisions of the Act, and of compensation orders issued by defendant's predecessor in office, plaintiff made the following compensation payments:

| | |
|---|---|
| Temporary total disability at $18 per week from September 20, 1935 to February 21, 1936.... | $ 398.57 |
| Temporary partial disability at $8.15 per week from February 22, 1936 to April 7, 1944...... | 3,455.60 |
| Award for facial disfigurement.. | 300.00 |
| Total ................ | $4,154.17 |

On August 30, 1940 defendant's predecessor in office entered an order, modifying all previous orders, and awarding the claimant $8.15 per week for temporary partial disability "until the disability shall have ceased, or until otherwise ordered."

On or about April 7, 1944 plaintiff, upon being advised by its physician that claimant was no longer suffering disability, discontinued the aforesaid compensation payments, and duly notified the Deputy Commissioner.

Thereafter, on May 19, 1944 the claimant filed a claim for compensation, and on May 22, 1944 the defendant notified the plaintiff employer of the filing of said claim.

No further action appears to have been taken by any of the parties until November 17, 1949 when the Deputy Commissioner, on his own motion, gave notice that hearings would be held on December 2, 1949. Hearings were held on that date, and on January 10, 1950, which resulted in an order by defendant dated February 3, 1950 making a finding of fact that claimant "has continued to suffer a partial disability which is permanent in quality and his physical condition has otherwise remained unchanged", and awarding claimant $8.15 per week from April 7, 1944 until otherwise ordered, and a fee of $300 to claimant's attorney.

In its complaint, plaintiff, in addition to attacking the validity of the compensation order dated February 3, 1950, alleges that the order of August 30, 1940 was contrary to the provisions of the Act because it purported to award compensation payments for temporary partial disability for a period in excess of five years, and further that there was no evidence before the defendant to support his finding in the 1950 order

that claimant was suffering from a permanent disability. On these motions plaintiff abandoned the two latter contentions, and relies solely on the proposition that the Deputy Commissioner, as a matter of law, had no jurisdiction to make the order of 1950 under the circumstances here presented.

To understand plaintiff's position it is necessary to consider Sections 22 and 19 of the Act, 33 U.S.C.A. §§ 922, 919.

Section 22 provides in part as follows: "Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation * * * *review* a compensation case in accordance with the procedure prescribed in respect of claims in section 19, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. * * * *" (Emphasis supplied.)

Section 19 provides in part as follows: " * * *

"(b) Within ten days after such claim is filed the deputy commissioner, in accordance with regulations prescribed by the Administrator, shall notify the employer and any other person (other than the claimant), whom the deputy commissioner considers an interested party, that a claim has been filed. Such notice may be served personally upon the employer or other person, or sent to such employer or person by registered mail.

"(c) The deputy commissioner shall make or cause to be made such investigations as he considers necessary in respect to the claim, and upon application of any interested party shall order a hearing thereon. If a hearing on such claim is ordered the deputy commissioner shall give the claimant and other interested parties at least ten days' notice of such hearing served personally upon the claimant and other interested parties or sent to such

claimant and other interested parties by registered mail, and shall within twenty days after such hearing is had, by order, reject the claim or make an award in respect of the claim. *If no hearing is ordered within twenty days after notice is given* as provided in sub-division (b), the deputy commissioner shall, by order, reject the claim or make an award in respect of the claim. * * * *" (Emphasis supplied.)

The last payment of compensation was made on April 7, 1944, and plaintiff now claims that the one year within which the Deputy Commissioner retained jurisdiction "to review" the claim began to run from that date. It is urged that the "purely ministerial acts" of the Deputy Commissioner in receiving the claim and giving notice thereof did not constitute a "review" of the case, so as to toll the running of the one year period of limitation and permit the Deputy Commissioner, more than five years later, to order a hearing on his own motion and at that time "review" the case and make a further award.

An examination of the minutes of the hearing held on December 2, 1949 and January 10, 1950 indicates that this issue was not raised before the Deputy Commissioner. However, since the issue relates to the jurisdiction of the Deputy Commissioner to make the award, it may be raised for the first time in this court. See: Crowell, Deputy Commissioner v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; Montagna v. Norton, D.C., 28 F.Supp. 997.

It is my opinion that the above contention of plaintiff is without merit and that the Deputy Commissioner did have jurisdiction under these circumstances to review the claim filed and make the order of February 3, 1950. It is undisputed that the last payment of compensation under the 1940 order was made on April 7, 1944 and that within a year thereafter, namely, on April 19, 1944, claimant filed a claim for further compensation with the Deputy Commissioner who advised plaintiff of that fact on May 22, 1944. Clearly, the Deputy Commissioner had jurisdiction to review the case at that time, and it seems to me

that simply because the actual hearings were not held and the award made within one year from the last payment of compensation that he thereby lost jurisdiction.

In American Mut. Liability Ins. Co. of Boston v. Lowe, 3 Cir., 85 F.2d 625, 627, the Court said: "The appellant, however, contends that, inasmuch as the order was not issued until after the time limitation had ended the order was therefore barred by the statute. This contention is untenable. Section 922 (33 U.S.C.A.) does not require that the order be *issued* within the one year. It states that 'the deputy commissioner may at any time prior to one year * * * review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this chapter, and in accordance with such section issue a new compensation order.' It is sufficient if proceedings were *begun* within the year."

The fact that the Deputy Commissioner in that case held a formal hearing within the one year period is not, as contended by plaintiff, a valid or sufficient basis for distinguishing it from the case at bar. The court held it was sufficient if proceedings were "begun" within the year which in my opinion means from the time of the filing of the claim and giving of notice. After this claim was so filed, the case was properly before the Deputy Commissioner and any interested party could have requested an early hearing under Section 19(c).

Cases cited by plaintiff in its brief are not applicable here, because in none of them does it appear that a claim was filed within a year, and, in fact, it seems to be implicit in those decisions that such is the test for determining whether the Deputy Commissioner had jurisdiction to review a case.

No case is called to my attention where an award based on a claim filed within one year from the last payment of compensation was invalidated because the Deputy Commissioner did not hold hearings or make an award for a length of time claimed by an employer to be excessive.

Plaintiff places considerable emphasis on the provision in the last sentence of Section 19(c) that "if no hearing is ordered within twenty days after notice is given as provided in subdivision (b) the deputy commissioner shall, by order, reject the claim or make an award in respect of the claim." The fact is that the statute is silent as to the period of time within which the Deputy Commissioner must make an order when no hearing is held within twenty days. Moreover, in Maryland Casualty Co. v. Cardillo, 69 App.D.C. 199, 99 F.2d 432, 433, 434, it was said of the provision in the next to the last sentence of Section 19(c) which requires the issuance of an order within twenty days after a hearing is held: "The second hearing was in October, and the compensation order was not issued until the following March, whereas § 919 provides that the deputy commissioner 'shall within twenty days after such hearing is had, by order, reject the claim or make an award in respect of the claim.' But this limitation is directory, not mandatory or jurisdictional. (Cases cited.) The insurance carrier did not ask for a prompt decision. It cannot complain now of the fact that it was allowed to withhold compensation payments until March when it should have been required to commence them in November."

Thus, I conclude that the jurisdiction of the Deputy Commissioner to review this case arose on the filing of the claim, and that such *jurisdiction* remained unaffected by the delay in holding hearings and making an award. The Commissioner, therefore, had *jurisdiction* to act, and was prepared to duly exercise such power, and it appears from the record of the hearings before him, so far as his discretion is concerned, that the plaintiff appeared and participated in the hearings without raising any objection as to delay, and does not appear to have been prejudiced thereby in view of the finding of the Deputy Commissioner that claimant has at least, since the last compensation payment, continued to suffer a permanent partial disability.

Defendant's motion for summary judgment is granted, and plaintiff's motions for a stay and for summary judgment are denied.

Settle order on notice.