120 So.2d 443 (1960)
Robert POWER, Petitioner,
v.
JOSEPH G. MORETTI, INC., Bituminous Casualty Corporation, Barnes-Richardson Construction, Liberty Mutual Insurance Co., Hercules Concrete Pile Co., Indemnity Insurance Co. of North America, Bechtel Corporation, Fireman's Fund Group, and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
May 11, 1960.
*444 Kaplan & Ser, Miami, for petitioner.
Lally & Miller, Miami, for Joseph G. Moretti, Inc., and Bituminous Casualty Corporation.
Blackwell, Walker & Gray, Miami, for Barnes-Richardson Constr. Co. and Liberty Mut. Ins. Co.
Paul E. Speh and Burnis T. Coleman, Tallahassee, for Florida Industrial Commission, respondents.
THORNAL, Justice.
Petitioner Power, an employee, seeks review of an order of the Florida Industrial Commission which reversed an order of a deputy commissioner who had modified a prior compensation order.
We must decide whether the record sustains the conclusion of the deputy to the effect that the original order was entered because of a "mistake in a determination of fact." Section 440.28, Florida Statutes, F.S.A.
Power, a carpenter, contracted a fungus infection while working for respondent Moretti in 1953. The infection directly affected the employee's feet. However it also produced an allergic reaction in the claimant's hands which is defined as keratolysis exfoliativa. The condition in claimant's hands was described as a peeling of the skin with origin unknown. Claimant was disabled until April 12, 1955, but was treated by a physician and compensation was paid by respondent Moretti until September 1, 1955. Thereafter, claimant Power filed a petition for compensation naming as respondents all of the employers for whom he had worked after his initial disablement. The purpose of the petition was to obtain a determination as to whether Power had reached maximum improvement and if so, the degree of the permanent partial disability. On April 18, 1956, the deputy commissioner found that claimant reached maximum improvement on April 12, 1955, without any residual permanent partial disability. This conclusion of the deputy was formed in the light of conflicting testimony by doctors as to whether the condition of the claimant's hands after April 12, 1955, was produced or contributed to by the industrially suffered foot infection. One doctor expressed the opinion that the original fungus infection aggravated the employee's pre-existing ailment. On the other hand, a Dr. Funt, whose name is mentioned because of his connection with a subsequent hearing, was of the firm opinion that the disabling effect of the industrially related fungus infection terminated on April 12, 1955. He was of the view that the condition of the hands thereafter appearing was solely produced by the ailment described as hyperhydrosis. As a result of this first hearing the deputy chose to accept the testimony of Dr. Funt and entered his order accordingly. This order was reviewed by the full commission and affirmed on the basis that it was supported by competent, substantial evidence. The petition for writ of certiorari was denied by this Court by order filed February 6, 1957.
On March 7, 1957, Power filed the instant petition for modification of the first order which denied continued compensation. *445 The petition for modification was grounded on an alleged mistake of the deputy in the determination of a fact at the prior hearing. On March 31, 1959, the deputy entered an order in which he concluded that he had made a substantial mistake in a determination of certain facts in his first order.
In his second order the deputy stated that he concluded that claimant had reached maximum recovery from the effects of the compensable injury on April 12, 1955, without permanent partial disability. He further announced that he had originally concluded that the continuing skin lesions on the hands of the claimant were noncompensable because of the underlying hyperhydrosis which was not related to the employment. The deputy by his second order explains the mistake by stating that he relied on the testimony of Dr. Funt which, though in conflict with that of another doctor was accepted by the deputy. The deputy then stated by his second order that at the hearing in the proceeding for modification Dr. Funt was again interrogated as to whether the industrial injury had a continuing influence on claimant's hand infection after April 12, 1955. Dr. Funt at this later hearing replied to this question, "I don't know. I really don't know." The only additional evidence offered in the modification proceeding was a copy of Dr. Funt's report of May 14, 1955, by which he requested permission of the insurance carrier to continue therapy to the claimant's hands after April 12, 1955. The deputy in his subsequent order noted that this report was not considered by him in the entry of his prior order. Finally, the deputy upon viewing the first proceeding "in retrospect" confessed to a mistake in the determination of the stated facts and entered an order modifying his original order. By the modifying order the deputy concluded that in view of his retrospective examination of the record the claimant Power was entitled to compensation during the certain periods of disability, as well as continued medical care and attorney's fees.
The modification order was subjected to review by the full Industrial Commission. The commission was of the opinion that the modification proceeding was merely cumulative and presented a situation in which the deputy had simply changed his mind. The full commission reversed the modification order and directed that the proceeding be dismissed. It is this order of the full commission which is now submitted for review here.
The claimant Power contends that the subsequent testimony by Dr. Funt and the report which was not in evidence at the initial hearing sustained the conclusion of the deputy that he was mistaken in making his original order.
The respondents contend that subsequent evidence was merely cumulative and that the deputy simply changed his mind.
The modification petition was filed pursuant to Section 440.28, Florida Statutes, F.S.A. Under this section a compensation order may be modified under certain conditions within two years after date of last payment of compensation or after the date that copies of an order rejecting a claim are mailed to the parties. Modification is proper under the statute if one of two circumstances exists. These are: (1) a change in condition reflected by the subsequent testimony or (2) because of a mistake in a determination of a fact. Admittedly, agencies such as the Industrial Commission are not confined by many of the procedural technicalities which govern the courts of law. Nevertheless, the orders of this commission are quasi judicial in nature and in the absence of some statutory exception they are governed by the same rules regarding res judicata or estoppel as applied to the judgments or decrees of courts. Except as to the extent that modification is permitted by Section 440.28, supra, orders of the Industrial Commission and its deputies become final within the time provided by Section 440.25, Florida Statutes, F.S.A.
*446 It is not here contended that the evidence submitted at the modification proceeding revealed any change in condition. The claimant relies entirely on an alleged mistake in the determination of the salient facts in the first hearing. We are compelled to agree with the conclusion reached by the full commission that the record in the second proceeding is entirely devoid of any evidentiary support for the deputy's order holding that there was a mistake in the original factual determination as required by the provisions of Section 440.28, supra.
Petitioner's entire case rests on Dr. Funt's report of 1955 in which he requested permission to continue therapy after April 12, 1955, and the subsequent concession by Dr. Funt that he really did not know whether the industrially-related fungus infection continued to influence the peeling of claimant's hands.
As for the report of May 14, we are satisfied that it would have been merely cumulative evidence. It is admitted that at the first hearing it was revealed that the carrier continued to pay compensation and furnish medical care until September 1, 1955, some five months following the April date when Dr. Funt testified that the claimant ceased to be adversely affected by his industrial injury. The fact that the report by Dr. Funt requested authority to continue treatment would merely be accumulative evidence of other facts known to the deputy when he entered his first order.
It is well established that in order to justify the modification of a compensation order on the basis of a mistake, the subsequent showing must consist of something more than additional evidence of facts already known, an accumulation of testimony on facts previously established, a mere change of mind by a witness, or a reanalysis of the prior record by the deputy and a change of his conclusions as a result of a retrospective exploration of the original record. Hall v. Seaboard Maritime Corp., Fla.App. 1958, 104 So.2d 384; Sonny Boy's Fruit Co. v. Compton, Fla. 1950, 46 So.2d 17; McDonough v. Versailles Hotel, Fla. 1952, 57 So.2d 16.
The only other contribution to the evidence revealed in the modification proceedings was the statement by Dr. Funt which would cast doubt on the correctness of his own conclusion announced at the first hearing. This was not even a clearcut "change of mind" by the witness. He merely confessed some doubts regarding his original statement. As pointed out above, in order to obtain a modification on the ground of mistake it is not sufficient merely to produce a witness who will state that he has changed his mind regarding his original conclusions. Under the statute, the mistaken determination must be one which has been committed by the deputy or the full commission. Modification cannot be accomplished merely by having a witness return and state in effect that he was mistaken in his first conclusion.
In the foregoing discussion we have been influenced by the decisions of the Federal courts which have construed a very similar provision of the Longshoremen's and Harbor Workers' Compensation Act, §§ 21, 22, 33 U.S.C.A. §§ 921, 922. An informative discussion of the problem appears in 23 Insurance Counsel Journal 229, April, 1956, in an article written by Honorable Richard T. Whalen of the Ft. Lauderdale Bar. Also see Texas Employers' Ins. Ass'n v. Sheppeard, D.C., 42 F. Supp. 669; Gravel Products Corp. v. McManigal, D.C., 14 F. Supp. 414; Tudman v. American Ship Bldg. Co., 7 Cir., 170 F.2d 842; Bethlehem Shipbuilding Corp. v. Cardillo, 1 Cir., 102 F.2d 299; Maryland Casualty Co. v. Cardillo, 69 App.D.C. 199, 99 F.2d 432, and Stansfield v. Lykes Bros. S.S. Co., 5 Cir., 124 F.2d 999.
Admittedly, the problem of delineating just exactly what constitutes a "mistake in a determination of fact" is fraught with considerable difficulty. The expression is in a measure almost beyond definitive description. We think however, that the *447 foregoing authorities, by a process of exclusion and inclusion, rather satisfactorily demonstrate the outer limits of those situations which can be correctly categorized as a mistake in a determination of fact within the contemplation of the subject statute.
In the instant case the deputy appears to us to have transcended all of the boundaries and has trespassed into an area not contemplated by the statute. We agree with the full commission that the evidence submitted in the modification proceeding was merely cumulative. It added nothing to the factual situation presented during the first consideration of the matter and, at best, suggested no more than a possible change of opinion by one of the witnesses. The original order had become final and was not subject to modification on such a showing.
The petition for a writ of certiorari is hereby denied.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.