**C. D. CALBECK, Deputy Labor Commissioner and United States of America, Appellants,**

v.

**A. D. SUDERMAN STEVEDORING COMPANY et al., Appellees.**

**No. 18613.**

United States Court of Appeals
Fifth Circuit.

May 5, 1961.

Rehearing Denied June 8, 1961.

W. Harold Bigham, Donald H. Green, Morton Hollander, Dept. of Justice, Washington, D. C., Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for appellants.

E. D. Vickery, Herman Wright, Houston, Tex., for appellees.

Before TUTTLE, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

The suit was brought under Section 21 of the Longshoremen's & Harbor

Workers' Compensation Act, 33 U.S.C.A. § 921, by A. D. Suderman Stevedoring Company, et al., appellees, against C. D. Calbeck, Deputy Labor Commissioner et al., to set aside an order [1] of the Deputy Commission, styled, "Compensation Order to Set Aside a Previous Compensation Order", which had been entered ex parte and without notice to appellees.

The claim was that by the terms of the Act the first award became final thirty days thereafter and could not be changed or amended except under Section 22 of the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 922, "Modification of awards".

The commissioner, urging that the order against which relief was sought was not a final order, and the district court had no jurisdiction under the Act to review it, also moved to dismiss the appeal and stoutly defended the order as well within the authority and jurisdiction of the commissioner.

The district judge, rejecting the commissioner's claim, that the court was without jurisdiction to review the order, held with the claimant that the order was invalid and ordered it vacated and set aside.

The commissioner, here insisting in limine that the court a quo had no jurisdiction to review the deputy commissioner's order because it was not a compensation order and was, therefore, not reviewable under the Act, strongly urges that the order was valid and was improperly set aside.

The appellees, resisting both of these claims, urge upon us, under the undisputed facts, that after the first compensation order was made and the employer had paid it in full, the commissioner had no jurisdiction to set the order aside or otherwise modify it except by proceeding under Section 22 of the Act, 33 U.S.C.A. § 922. So urging, they insist that the judgment should be affirmed.

We find ourselves in agreement with these views. We agree with the appellees that the vacating compensation order was reviewable, and, therefore, the court a quo had, and this court has, jurisdiction of the matters here litigated, and with them, also, that the commissioner had no right in law to proceed as he did by an ex parte order setting aside his first order but was limited and directed by Section 22 of the Act, 33 U.S.C.A. § 922. There is no doubt that the Longshoremen's Act is a remedial statute and must be so construed and applied. This court, in Stansfield v. Lykes Bros. Steamship Co., 5 Cir., 124 F.2d 999, has so held, as have other courts, but it is also clearly settled that proceedings under the Act are governed by, and must reasonably conform to, the statute. Whatever, therefore, may have been earlier thought or held as to the jurisdiction and power of the commissioner to modify and set aside awards made by him prior to the thirty days fixed in Sec. 921 for the finality of the award,[2] since the enactment in 1938 of Section 22 of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 922, "Modification of awards", prescribing the method and manner of the commissioner's further proceedings in respect to awards made by him, such pro-

---

1. "Compensation Order Vacating Compensation Order of September 16, 1959. Case No. 1924–274

"In the matter of the claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act.

John Watkins, Claimant

Vs.

A. D. Suderman Stevedoring Company
Employer

Texas Employers' Insurance Association
Insurance Carrier

"Upon application of the claimant, and it appearing that further consideration is necessary with respect to the issue of extent of disability, the Deputy Commissioner hereby VACATES the Compensation Order, Award of Compensation, filed on September 16, 1959. The case will remain open subject to the production of additional evidence if deemed necessary after further review of the case by the Deputy Commissioner and for the filing of such further Compensation Order as the evidence may warrant."

2. Cf. Maryland Cas. Co. v. Cardillo, 69 App.D.C. 199, 99 F.2d 432, at page 433.

ceedings are directed and governed by that section, and it is settled law that, while this is a remedial statute and must be liberally construed, it is authoritative and controlling and its provisions must be substantially followed.

No claim was made below or is made here that, in making the award here under attack, the commissioner proceeded under, or in accordance with, this statute. In his order setting aside and holding for naught the commissioner's vacating compensation order, the district judge, therefore, correctly determined that the commissioner had no authority to enter the "*ex parte compensation order*", which purported to vacate or set aside his previous compensation order.

The judgment, setting aside the order and holding it for naught as not in accordance with law, is, therefore, affirmed without prejudice, however, to the right of the commissioner or the claimant, if so advised, to proceed under and in accordance with Section 922 of the Act.

Affirmed.