The **JARKA CORPORATION**, Employer, and **Liberty Mutual Insurance Company**, Insurance Carrier, Plaintiffs-Appellants,

v.

Thomas F. **HUGHES**, Deputy Commissioner, Second Compensation District of the United States Department of Labor, and Frank **Zirino**, Defendants-Appellees.

No. 143, Docket 27173.

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1961.

Decided Feb. 6, 1962.

---

Albert P. Thill, Brooklyn, N. Y., for plaintiffs-appellants.

Morton Hollander, Dept. of Justice (William H. Orrick, Jr., Asst. Atty. Gen., Joseph P. Hoey, U. S. Atty. for Eastern Dist. of New York, Edward Berlin, Dept. of Justice, Charles Donahue, Sol. of Labor, Herbert P. Miller, Asst. Sol., on the brief), for defendant-appellee Thomas F. Hughes.

Philip F. DiCostanzo, Brooklyn, N. Y., for defendant-appellee Frank Zirino.

Before LUMBARD, Chief Judge, and MOORE and HAYS, Circuit Judges.

MOORE, Circuit Judge.

This is an appeal from a summary judgment of the district court in favor of defendant-appellee Frank Zirino sustaining an order of the Deputy Commissioner filed on April 29, 1960, awarding Zirino additional compensation for an injury he sustained on November 1, 1948, while employed as a longshoreman by plaintiff-appellant, The Jarka Corporation. The action for review of the administrative determination was brought pursuant to 33 U.S.C.A. § 921.

Zirino was struck on the side of the head by a beam in 1948, and subsequently filed an application for compensation pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950. Hearings were held before Deputy Commissioner Dennis O'Keefe of the Second Compensation District on March 27, 1952 and April 13, 1952. All the medical witnesses agreed that Zirino was only partially disabled at that time.

The Deputy Commissioner found that Zirino was temporarily totally disabled from November 2, 1948 to May 21, 1951, and that he was temporarily partially disabled from May 22, 1951 to April 21, 1952, and that he remained so disabled. At the time of this order, 33 U.S.C.A. § 914(m) limited liability for partial disability to a maximum of $10,000. Thus, payments under the 1952 order were terminated on September 22, 1958 when a total of $10,000 had been paid.

On July 13, 1959, within one year from the last compensation payment, an attorney for Zirino applied to the Department of Labor for modification of the 1952 order on the ground that the claimant "is totally disabled." A Department of Labor memorandum prepared after an informal conference on September 9, 1959, states that "the claim was for permanent total disability, effective from the date compensation for temporary disability was terminated [i. e., September 22, 1958]." Formal hearings were held on November 16, 1959, January 13, 1960, and March 2, 1960. On April 29, 1960, Deputy Commissioner Hughes issued a modified compensation order. He found that Zirino "is permanently totally incapacitated," and that "claimant has continued to be totally disabled from November 2, 1948, to April 4, 1960, inclusive." He awarded Zirino compensation for total disability from the time of the injury.[1]

██ Appellants attack the order of the Deputy Commissioner as not based on substantial evidence insofar as it finds total disability to have existed between May 22, 1951 and the examination conducted by one Dr. Carotenuto on May 28, 1959. However, we do not reach this question because of the insufficiency of the Deputy Commissioner's findings of fact. We have no doubt of the power of the Deputy Commissioner under 33 U.S.C.A. § 922 to find total disability ret-

roactively and to make appropriate awards of increased past and future compensation, on grounds of either "change in conditions" or "mistake in a determination of fact" in the earlier order. The fact that Zirino applied for a modification of the 1952 order only on the ground of change in conditions would not prevent the Deputy Commissioner from making a valid additional award on the ground of mistake. See Stansfield v. Lykes Bros. S. S. Co., 5 Cir., 1941, 124 F.2d 999. Nor would the Deputy Commissioner's order be invalid simply because it failed to state explicitly whether there had been a change in conditions or mistake, so long as the findings of fact disclosed the theory of the new order and it was supported by substantial evidence. Bethlehem Shipbuilding Corp. v. Cardillo, 1 Cir., 1939, 102 F.2d 299, cert. denied 307 U.S. 645, 59 S.Ct. 1042, 83 L.Ed. 1525.

██ Here, however, the Deputy Commissioner has stated no reasons to support his modification of the 1952 order. The new order purports only to be made "With respect to an application by the claimant, on the ground of a change of condition," but then goes on to overturn the conclusion of the 1952 order that Zirino's disability was only partial between May 22, 1951 and April 21, 1952. Thus we find an internal inconsistency in the order. Change in condition necessarily implies a change from something previously existing. In this context, it must refer to a change from the condition at the time of the award which is being modified. It is true that § 922 states that "an award increasing the compensation rate may be made effective from the date of the injury." However, the distinction within the section between change in condition and mistake of fact only makes sense if the language speaking of retroactivity to the date of the injury is limited to modifications based

1. Actually, since the original award had given Zirino compensation for total disability from the date of the injury to May 21, 1951, the effect of the 1960 modifica- tion was retroactively to award the difference between partial and total disability from May 22, 1951.

upon mistake of fact. This is not a restrictive interpretation of the section. In any case where a Deputy Commissioner would modify a prior award retroactively to the date of injury because he evaluates the claimant's condition differently, it necessarily follows that he believes that the prior determination of condition was incorrect and based upon a mistake of fact, and he cannot be making the new order because of a change of condition.

In order to modify a previous order on the theory of mistake, a new order should make it clear that it is doing so, should review the evidence of the first hearing and should indicate in what respect the first order was mistaken— whether in the inaccuracy of the evidence, in the impropriety of the inferences drawn from it, or, as may be true in the present case, because of the impossibility of detecting the existence of the particular condition at the time of the earlier order.

Nor can we, without constituting ourselves factfinders *de novo*, determine as of what date after 1952 the Deputy Commissioner might properly have granted increased compensation on the alternative theory of change in condition. If Deputy Commissioner Hughes found a mistake in the 1952 order, we have no way of knowing whether, if reversed on that point, he would nonetheless have found that there had been a change in condition at some time subsequent to 1952. On remand, we see no reason why he should not make such alternative findings, so as to permit final disposition of the case in a single judicial review proceeding, should such be necessary at all. The Deputy Commissioner should indicate the date when the claimant's condition changed and state the evidence supporting his conclusion.

Reversed, with directions for the District Court to remand to the Deputy Commissioner for further proceedings not inconsistent with this opinion.