FISCHBACK & MOORE OF ALASKA, INC.,
an Alaska corporation, Appellant,

v.

Frank LYNN, Appellee.

No. 818.

Supreme Court of Alaska.

Aug. 14, 1967.

Robert C. Erwin, of Hughes, Thorsness & Lowe, Anchorage, for appellant.

Peter LaBate and William T. Plummer, Anchorage, for appellee.

OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

Resolution of the central issues in this appeal concerns interpretation of the modification-of-awards section of the Alaska Workmen's Compensation Act. On the facts appearing in the record, we conclude that the case must be remanded to the Alaska Workmen's Compensation Board for more explicit findings of fact.

A detailed history of the initial stages of the case can be found in Fischback & Moore of Alaska, Inc. v. Lynn.[1] A recounting of these prior proceedings is necessary to clarify the procedural context out of which this second appeal arose.

On October 12, 1962, appellee sustained an injury arising out of and in the course of his employment. On March 9, 1964, the Board denied appellee's application for permanent partial disability. In its findings of fact, the Board, in part, found that "the applicant's hand and arm is not disabled in any extent which can be related to the industrial injury." In its conclusions of law, the Board, in part, determined "That the applicant has no disability of his right hand and right arm which is related to the industrial injury." Appellee then appealed the Board's decision to the superior court. While the matter was pending before the superior court, the Board issued an ex parte order requiring appellant to pay the costs of additional neurosurgical and orthopedic examinations of appellee.[2]

Appellant then moved in the superior court to enjoin the Board from carrying out its ex parte order and also sought affirmance of the Board's decision of March 9, 1964, which denied appellee compensation.

The superior court did not grant appellant any relief but did remand the matter to the Board for the "purpose of taking additional testimony after the physical examinations have been completed which the Board has ordered." In Fischback & Moore of Alaska Inc. v. Lynn,[3] we reversed the superior court's remand.[4] After issuance of our mandate, the superior court affirmed the March 9, 1964, decision of the Board.[5]

Appellee did not appeal the superior court's affirmance.

Appellant then moved the Board to modify its ex parte order directing further neurosurgical and orthopedic examinations. Additional medical reports, as well as the testimony of appellee, were submitted to the Board. The Board then rendered its second decision in the case. In its findings of fact, the Board determined that appellee's right hand was permanently disabled.[6] In regard to its prior decision in which it had determined that appellee was not permanently disabled, the Board found that it had made a mistake of fact,[7] and further, that a change in condition had occurred in appellee's right hand.[8] On the basis of the foregoing, the Board awarded appellee $7,500 for total permanent disability to his right hand.[9] The matter was then appealed

1. 407 P.2d 174 (Alaska 1965).

2. After his injury appellee had received medical treatment and temporary total disability compensation from appellant pursuant to our compensation act.

3. 407 P.2d at 179.

4. In that opinion we also sustained the superior court's denial of injunctive relief to appellant and reversed as to the superior court's refusal to rule on the merits of appellant's motion for summary judgment which sought affirmance of the March 9, 1964, decision of the Board.

5. The superior court's order of affirmance was entered on November 15, 1965.

6. The precise language used in the findings reads: "[T]he applicant has a full permanent disability to his right hand."

7. In regard to mistake of fact, the Board found: . 
   [T]hat a mistake in fact was made wherein the Board denied permanent

disability to the right hand on January 23, 1964 and in fact, there was at the time of said hearing an 80 per cent permanent disability and as a result of the passage of time and the injuries received by the applicant, said permanent disability to the right hand is now 100 per cent.

8. In its pertinent findings, the Board stated:
   [T]he evidence shows that a change in condition has occurred in the applicant's right hand in that the extent of permanent disability of said right hand is greater now than it was at the time of the previous hearing of this case, namely, January 23, 1964.

9. In its compensation order, the Board also awarded $2,125 in attorney's fees.

to the superior court where the Board's second decision was upheld. Appellant now appeals to this court from the superior court's affirmance of the Board's award of compensation to appellee.[10]

Under AS 23.30.130(a) of Alaska Workmen's Compensation Act, the Board is authorized to modify a decision it has made under the following circumstances:

> Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in its determination of a fact, the board may, before one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or before one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in § 110 of this chapter. In accordance with § 110 of this chapter the board may issue a new compensation order which terminates, continues, reinstates, increases, or decreases the compensation, or award compensation.[11]

Appellant attacks the second decision of the Board on grounds there was no evidence to show a mistake of fact or change of condition which would give the Board jurisdiction to modify its initial award.[12] We do not reach this question because of our conclusion as to the inadequacy of the Board's findings of fact in regard to the statutory prerequisites for modification of an award, i. e., mistake of fact or change of condition.

In our opinion Jarka Corp. v. Hughes,[13] which involved construction of AS 23.30.130(a)'s equivalent under the federal Longshoremen's & Harbor Workers' Compensation Act, is pertinent here. In regard to the mistake-of-fact basis for modification of a previous award, it was there held that:

> In order to modify a previous order on the theory of mistake, a new order should make it clear that it is doing so, should review the evidence of the first hearing and should indicate in what respect the first order was mistaken—whether in the inaccuracy of the evidence, in the im-

10. Enforcement of the Board's second order, pending appeal to this court, was stayed by the superior court.

11. This provision of the Alaska Workmen's Compensation Act is substantially the same as 33 U.S.C. § 922 (1964) of the Longshoremen's & Harbor Workers' Compensation Act. As to the purpose of this type of provision, Professor Larson writes:
    > In almost all states, some kind of provision is made for reopening and modifying awards. This provision is a recognition of the obvious fact that, no matter how competent a commission's diagnosis of claimant's condition and earning prospects at the time of hearing may be, that condition may later change markedly for the worse, or may improve, or may even clear up altogether. Under the typical award in the form of periodic payments during a specified maximum period or during disability, the objectives of the legislation are best accomplished if the commission can increase, decrease, revive or terminate payments to correspond to claimant's changed condition.

2 Larson, Workmen's Compensation § 81.10 (1961).

12. Appellant further attacks the Board's second decision on the grounds that there was no substantial evidence to support the Board's findings pertaining to change of condition and mistake of fact.
    In reviewing original decisions of the Board, we have adopted the substantial evidence test. In Aleutian Homes v. Fischer, 418 P.2d 769, 776 (Alaska 1966) (footnote omitted), we said:
    > Our task is to decide whether, in light of the whole record, there is substantial evidence to support the Board's findings that appellee's disability was not compensable.
    In Thornton v. Alaska Workmen's Compensation Bd., 411 P.2d 209, 210 (Alaska 1966), it is stated that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Accord, Morrison-Knudsen Co. v. Vereen, 414 P.2d 536, 542 (Alaska 1966).

13. 299 F.2d 534 (2d Cir. 1962).

propriety of the inferences drawn from it, or, as may be true in the present case, because of the impossibility of detecting the existence of the particular condition at the time of the earlier order.[14]

We adopt the *Jarka* test and in so doing conclude that the Board's findings in respect to mistake of fact fall short of the criteria there enunciated. Essentially all that the findings in this regard reflect is the Board's opinion that a mistake of fact had been made in determining appellee did not sustain any permanent disability to his right hand. We are left uninformed as to the precise nature of the mistake which was made by the Board.[15] We, therefore, conclude that the case should be remanded in order to afford the Board the opportunity of entering findings which meet the *Jarka* standards as to mistake of fact.

We reach a similar result as to the Board's findings pertaining to change of condition.[16] The Board's findings do not disclose in what respect a "change in conditions" occurred since the first hearing which would support its award to appellee for permanent partial disability. The Board should briefly indicate the evidence it relied upon in determining that a change in conditions has occurred and further describe as precisely as practical the nature of the changed conditions. As to both the mistake-of-fact and the change-of-conditions grounds, we are of the opinion that it will assist resolution of this litigation if the Board, upon remand, indicates whether or not it determined that its initial analysis of the causation issue was erroneous.[17]

The case is remanded to the superior court with directions to remand to the Alaska Workmen's Compensation Board in accordance with the foregoing.

14. Id. at 537. Accord, Pistorio v. Einbinder, 122 U.S.App.D.C. 39, 351 F.2d 204, 207 (1965).

We approve of the following statement which was made by the court in the *Jarka* case at 536 of 299 F.2d:

Nor would the Deputy Commissioner's order be invalid simply because it failed to state explicitly whether there had been a change in conditions or mistake, so long as the findings of fact disclosed the theory of the new order and it was supported by substantial evidence. Bethlehem Shipbuilding Corp. v. Cardillo, 1 Cir., 1939, 102 F.2d 299, cert. denied 307 U.S. 645, 59 S.Ct. 1042, 83 L. Ed. 1525.

15. Upon remand we believe that Hall v. Seaboard Maritime Corp., 104 So.2d 384, 387 (Fla.App.1958) (footnotes omitted), will be of assistance to the Board. In construing a provision of Florida's compensation act similar to AS 23.30.130(a) and to 33 U.S.C. § 922 of the Longshoremen's & Harbor Workers' Compensation Act, the court said:

The federal Act does not permit reopening a cause when it appears that the commission has given full effect and consideration to all the evidence and all that had occurred was that an additional witness had been subsequently offered whose testimony related to issues of fact previously adjudicated and

merely furnished the basis for a higher award. Further, while new evidence may be fairly introduced in a proceeding to reopen on the ground of a mistake in a determination of fact, and this new evidence need not be 'newly discovered', it is equally plain that the statute means something more than that the commissioner may change his mind whenever he pleases, and either on the same evidence or new evidence, make a new award.

See Dixon v. Bruce Constr. Corp., 160 So. 2d 116, 118 (Fla.1963).

16. In Jarka Corp. v. Hughes, 299 F.2d 534, 536 (2d Cir. 1962), the court said that "Change in condition necessarily implies a change from something previously existing. In this context, it must refer to a change from the condition at the time of the award which is being modified."

17. More precisely, whether the Board is still in accord with its initial conclusion of law to the effect that the disability to appellee's right hand was not connected to the industrial accident in question. Such a determination should clarify the nature of the mistake in fact relied upon under AS 23.30.130(a).

In view of our disposition, we deem it inappropriate to make any comment upon appellant's res judicata contentions.