**INTERIOR PAINT COMPANY and Reliance Insurance Company, Appellants,**

v.

**William H. RODGERS, Appellee.**

**No. 1918.**

Supreme Court of Alaska.

May 13, 1974.

---

Dennis E. Cook, Fairbanks, for appellants.

Patrick E. Murphy, Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

CONNOR, Justice.

Several questions concerning judicial review of Alaska Workmen's Compensation Board orders are presented on this appeal.

Appellee William Rodgers, while employed by appellant Interior Paint Company, was injured in a work-connected accident in May of 1967, when he fell from a scaffold. In September of 1967 the matter was considered by the Alaska Workmen's Compensation Board, which ordered temporary total disability payments be made to appellant. Rodgers received periodic compensation payments pursuant to the provisions of AS 23.30.185 until he had received the then allowable maximum of $17,000 under AS 23.30.155(l).

Upon application of Rodgers, there was a second Board hearing in January of 1971, at which a finding of permanent total disability was sought. In its February 1971 decision and order, the Board denied

further compensation. It did not find Rodgers to be experiencing permanent total disability, and it found that his condition, whatever its nature, was not the natural result of the 1967 accident but of separate and intervening causes.[1] This order was filed in February of 1971.

In July 1971 Rodgers moved, under AS 23.30.130(a), for reconsideration of this second decision, alleging mistake of fact. At the hearing on this motion, it was contended that he was permanently and totally disabled due to conversion hysteria caused by his physical condition. Rodgers was not present at the hearing before the Board. Testimony by his wife, Violet, describing his condition, and a deposition of a psychiatrist, Dr. N. J. Bender, stating that Rodgers was totally disabled and that his condition "could be permanent" were presented. In his deposition, Dr. Bender stated that he thought Rodgers' accident at work was the precipitating cause of the conversion hysteria. He was not asked, however, about the possible effect of the intervening non-work-connected injuries which Rodgers had received since the accident at work. The Board denied the petition for modification in a December 1971 decision and order, stating that it viewed the evidence of Dr. Bender and Violet Rodgers as cumulative and not sufficient to show mistake of fact in its earlier denial of further compensation.

Rodgers then sought review by the superior court, requesting that the Board's denial of modification be set aside. He alleged that the Board had misinterpreted the numerous medical reports in its file. The court read all of the reports, most of which were considered by the Board for its September 1967 and February 1971 decisions. In December of 1972 the court ordered the Board to render a finding of permanent total disability in favor of claimant. In January of 1973 this order was amended as too broad, the December 1971 decision and order of the Board was set aside, and the case was remanded to the Board for further action.

It is from this January 1973 amended order that Interior Paint appeals, presenting three basic contentions: (1) the superior court erred in reviewing the entire file rather than reviewing only that evidence relevant to the modification hearing; (2) the superior court erred by applying the wrong standard of judicial review; it should not have independently evaluated all of the evidence; (3) the superior court erred in setting aside the Board's December 1971 decision and order, as it met all the requirements of the substantial evidence standard.

The superior court determined that the Board's December 1971 denial of modification was erroneous because the Board's earlier, February 1971 decision was erroneous. It held that the February 1971 decision was incorrect because it was based on a mistake of fact. The court also determined that claimant Rodgers was permanently and totally disabled.[2] At the hearing, the court indicated that it had

---

1. The separate and intervening accidents included an automobile accident, the lifting of claimant's father, a back injury while starting a lawn mower, and a fall on some steps. Before the lawn mower and step incidents, x-rays, physical examination and myelogram were normal. Following the fall on the steps, claimant underwent disc surgery.

2. The December 1972 decision of the court determined the following:

    1. The Alaska Workmen's Compensation Board's decision and order of December 28, 1971 is erroneous in its denial of petitioner/applicant's motion for reconsideration of the Board's decision of February 24, 1971 since the last mentioned decision was clearly erroneous as based on a mistake

of fact in finding that Mr. Rodgers' condition was caused by intervening accidents.

    2. Further the Board's December 28, 1971 decision and order is erroneous in denying permanent total disability to the petitioner/applicant. There is no substantial evidence in the record to support the Board's finding. The numerous reports in the record show such a disability. The Board's denial of such disability is clearly erroneous.

The "order and amended judgment" filed January 25, 1973, merely states that the court's December decision and order were too broad. No findings or conclusions are included in the amended order although it does not indicate that the court abandoned the rationale underlying the first order.

read the entire Board file and had concluded that the Board had been mistaken in its disposition of Rodgers' claim.[3]

The court's first conclusion, that the Board had been mistaken in its determination of fact, clearly reveals that the court considered everything in the Board file. The second determination, that claimant was permanently and totally disabled, is ambiguous as to just what material was considered but it refers to "numerous reports"; taken together with the first determination and the court's statements at hearing, we must conclude that the court probably also based this second conclusion on the entire Board file. The great majority of the reports in this file were before the Board for its previous decisions on the matter. The only new evidence introduced for the Board's consideration leading to its December 1971 decision and order denying modification was the deposition of Dr. Bender and the testimony of Violet Rodgers.

AS 23.30.125(a) provides that a Board order becomes final on the 31st day following filing unless review proceedings are instituted.[4] The Board's February 1971 order concerning the nature and causes of Rodgers' condition was filed on the 24th of that month, becoming final on March 27, 1971, as no review proceedings were instituted.

However, AS 23.30.130(a) raises an apparent complication:

Modification of awards. (a) Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in its determination of a fact, the board may, before one year after the date of the last payment of compensation, . . . or before one year after the rejection of a claim, review a compensation case. . . . [T]he board may issue a new compensation order which terminates, continues, reinstates, increases, or decreases the compensation, or award compensation.

A modification proceeding originates in the initial claim for compensation. It is necessary to determine the limits of the Board's exploration, at a modification proceeding, of the prior evidence adduced on the initial claim in view of the plain statutory language that an order becomes final after thirty days. The language of AS 23.30.130(a) is broad; the Board may review because of change in condition or mistake in determination of fact. The latter, in particular, suggests that the Board may feel a need to re-examine some of its previous fact findings.

In Fischback & Moore of Alaska, Inc. v. Lynn, 453 P.2d 478, 484 (Alaska 1969) we upheld the Board's determination of mis-

---

3. At the hearing, the court stated:

I recall having read that, along with the other. I did in fact read all of these medical reports. As a matter of fact, I went right on through. There was rather extensive reading. The one on Bender—I think his name was—the mental examination. The copy here was real rough to read; I could have missed part of that.

I believe the board did make a mistake in this case. I believe they did. I would suppose that a long history like occurred here can be confusing, and intervening incidents and episodes deviate from a train of thought or finding that medical reports, taken as a whole—and that is what I have done—they just—it's just cumulative, right up—fairly consistent right from the very start right up to the very end. I don't know what influence gout has on the whole matter, but . . .

I grant the petitioner's application. I believe that is the proper thing to do in this case.

4. The pertinent part of AS 23.30.125 is as follows:

(a) A compensation order becomes effective when filed in the office of the board as provided in § 110 of this chapter and, unless proceedings to suspend it or set it aside are instituted as provided in (c) of this section, it becomes final on the 31st day after it is filed.

And see Alaska Mines & Minerals, Inc. v. Alaska Industrial Board, 354 P.2d 376 (Alaska 1960), where we held under similar sections of the statute prior to AS 23.30.125, that the right to institute a review proceeding expired at the end of the thirty-day period.

take of fact where the Board reviewed the evidence adduced at a prior hearing and indicated in what respect the first order was mistaken.[5]

The United States Supreme Court, interpreting the analogous federal statute,[6] has said:

> The plain import of this amendment [adding "mistake in a determination of fact" as a ground for review] was to vest a deputy commissioner with broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted. O'Keeffe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 256, 92 S.Ct. 405, 407, 30 L.Ed.2d 424, 426 (1971).

The Court went on to state that such a broad interpretation of the modification-of-awards statute does not conflict with the thirty-day finality provision, since the review authorized under that provision is limited to the legal validity of an award and does not extend to a redetermination of fact. It is apparent, then, that the Board may go back through evidence adduced at the prior hearing. The reviewing court, too, may then review that evidence using the applicable standard.

In the instant case the Board chose not to sift through all previous evidence. Its December 1971 decision and order stated

---

5. In this case, the Board's mistake in its determination of fact "was attributable to 'the impropriety of the inferences' it drew from the evidence which was produced at the first hearing." The Board found that it had mistakenly found no disability when, in fact, two doctors had testified that there was such a disability and further, that it had mistakenly given weight to one of the doctor's " 'speculative' testimony that [claimant] was malingering." 453 P.2d at 484.

In an earlier opinion in the same case, Fischback & Moore of Alaska, Inc. v. Lynn, 430 P.2d 909, 911–912 (Alaska 1967), we adopted the opinion of Jarka Corp. v. Hughes, 299 F.2d 534 (2d Cir. 1962), which involved construction of the identical provision of the Longshoremen's and Harbor Workers' Compensation Act in regard to the mistake of fact basis for modification of a previous award. In *Jarka* the court held:

> In order to modify a previous order on the theory of mistake, a new order should make it clear that it is doing so, should review the evidence of the first hearing and should indicate in what respect the first order was mistaken—whether in the inaccuracy of the evidence, in the impropriety of the inferences drawn from it, or, as may be true in the present case, because of the impossibility of detecting the existence of the particular condition at the time of the earlier order. 299 F.2d at 537.

We stated in a footnote to that opinion that the Board might be assisted by Hall v. Seaboard Maritime Corp., 104 So.2d 384, 387 (Fla.App.1958) where the Florida Court of Appeals, in construing a provision of Florida's compensation act similar to the Alaska and federal provisions, stated:

> The federal Act does not permit reopening a cause when it appears that the commission has given full effect and consideration to all the evidence and all that had occurred was that an additional witness had been subsequently offered whose testimony related to issues of fact previously adjudicated and and merely furnished the basis for a higher award. Further, while new evidence may be fairly introduced in a proceeding to reopen on the ground of a mistake in a determination of fact, and this new evidence need not be "newly discovered", it is equally plain that the statute means something more than that the commissioner may change his mind whenever he pleases, and either on the same evidence or new evidence, make a new award. (footnotes omitted)

Subsequent to these decisions, the United States Supreme Court, in O'Keeffe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 92 S. Ct. 405, 30 L.Ed.2d 424 (1971), indicated that the Board may be entrusted with somewhat broader discretion then indicated in *Jarka* and *Hall*. Because of the *O'Keeffe* decision, we find it necessary to consider the question of whether the Board must reconsider all prior evidence whenever a mistake of fact is alleged.

6. Alaska cases find that some sections of the Federal Longshoremen's and Harbor Workers' Compensation Act are substantially similar to their counterparts in the state Workmen's Compensation Act. The decisions under the Federal Act are at least highly persuasive if not controlling. Fischback & Moore of Alaska, Inc. v. Lynn, 453 P.2d 478, 480, 482, 484 (Alaska 1969) ; Fischback & Moore of Alaska, Inc. v. Lynn, 430 P.2d 909, 911 (Alaska 1967) ; Scott v. Alaska Indus. Bd., 123 F. Supp. 361, 15 Alaska 146, 148 (D. Alaska 1954).

that it "had reviewed" all medical evidence then available when reaching its prior decisions and concluded that the new evidence presented at the modification hearing was merely cumulative and not sufficient to show mistake in determination of fact with regard to the earlier decision.

■ Although the Board did not reconsider all of the evidence, the reviewing court did. Appellant contends that the Board reviewed the appropriate record while the court did not. We turn first to the question of what constitutes the proper record for the Board in a modification proceeding. We find that an examination of all previous evidence is not mandatory whenever there is an allegation of mistake in determination of fact under AS 23.30.-130(a). A requirement of automatic full review would be particularly susceptible to abuse:

> The concept of "mistake" requires careful interpretation. It is clear that an allegation of mistake should not be allowed to become a back-door route to retrying a case because one party thinks he can make a better showing on the second attempt. 3 Larson, The Law of Workmen's Compensation § 81.52, at 354.8 (1971).

Although the Board "may" review a compensation case, and this review can consist merely of further reflection on the evidence initially submitted, it is an altogether different matter to hold that the Board must go over all prior evidence every time an action is instituted under AS 23.30.-130(a). Such a requirement would rob the Board of the discretion so emphatically upheld in O'Keeffe v. Aerojet-General Shipyards, Inc., *supra.*

■ In Flamm v. Willard, 125 F. Supp. 932 (E.D.N.Y.1954), a denial of re-view was affirmed based on the fact that the Deputy Commissioner had acted after due consideration of reports submitted with the petition to reopen. Such is the situation in the instant case. There had been two previous hearings at which extensive medical evidence was presented. These hearings resulted in a determination that Rodgers' condition was caused by non-work-connected accidents. At a third hearing, the Board heard further evidence and arguments, then determined that the new material did not touch upon the crucial question of the separate and intervening causes and so ended the matter. The Board considered a limited record rather than once again reviewing the evidence considered twice before. The Board is entrusted with discretionary authority and has a valid interest in finality of decision, as do the parties. We cannot say that the Board must always review all prior evidence whenever mistake in determination of fact is alleged. To so mandate would cause the grant of discretion to become mere illusion. The Board must only give due consideration to any argument and evidence presented with a petition for modification. That is what the Board did here. The superior court, however, went beyond the evidence which the Board considered and based its decision on other parts of the record. We agree with appellants that the extensive review by the court was in error.[7]

■ In their second specification of error, appellants contend that the superior court erred by independently evaluating the evidence rather than restricting itself to a narrower form of review. We agree. It is well settled in Alaska that an initial order of the Board should be reviewed in accordance with the principle of substantial evidence. This standard restricts the court

---

7. The general rule regarding review of administrative agency decisions is that such review should be limited to the record before the agency. National Broadcasting Co. v. United States, 319 U.S. 190, 227, 63 S.Ct. 997, 1014, 87 L.Ed. 1344, 1368 (1943) ; In re Cartellone, 148 F.Supp. 676, 681 (N.D.Ohio 1957) ; Safe-way Stores, Inc. v. City of Burlingame, 170 Cal.App.2d 637, 339 P.2d 933, 938 (1959) ; Bohn v. Watson, 130 Cal.App.2d 24, 278 P. 2d 454, 462 (1954). We see no reason why the rule should not be applied in the present situation.

on review to considering only whether the administrative findings of fact are supported by substantial evidence, and whether the award is contrary to law.[8] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [9] The Board's decision need not be the only possible solution to the problem,[10] for it is not the function of the court to reweigh the evidence or choose between competing inferences, but only to determine whether such evidence exists.[11] The substantial evidence standard is employed by the superior court as well as this court in reviewing Board decisions.[12] This standard is applied in order to avoid a possible dislocation of the respective functions of the administrative agency and the superior court.[13] This standard is also applied in the review of Board proceedings under the modification-of-awards statute, AS 23.30.130(a).[14]

It is not clear what standard of judicial review was applied by the superior court in this case. Although only the Board's December 1971 decision was properly before it, the court found that the December decision was "erroneous" because it deemed the Board's February 1971 decision to be "clearly erroneous as based on a mistake of fact in finding that Mr. Rodgers' condition was caused by intervening accidents." This characterization of the Board's decisions leads us to believe that the court may have done exactly what the substantial evidence test forbids: it may have chosen between competing inferences, weighed the evidence, or re-evaluated all the evidence and come to a conclusion different from that of the Board. Later, the court states, "There is no substantial evidence in the record to support the Board's finding. The numerous reports in the record show such a disability." While the first sentence implies that the court's review was guided by the substantial evidence standard, the second sentence of this statement indicates that the court may have misapplied that standard. It indicates that the court may have concentrated on competing evidence rather than determining whether the evidence relied upon by the Board to support its decision was substantial. Since it is probable that the superior court followed a standard of review broader than the substantial evidence standard, we conclude that the court erred.

8. Great American Indemnity Co. v. Britton, 186 F.Supp. 938, 940–941 (D.D.C.1960) rev'd on other grounds, 110 U.S.App.D.C. 190, 290 F.2d 381 (1961), cert. denied, 368 U.S. 900, 82 S.Ct. 178, 7 L.Ed.2d 95 (1961) ; cited with approval in Beauchamp v. Employers Liability Assurance Corp., 477 P.2d 993, 997 (Alaska 1970) ; Wilson v. Erickson, 477 P. 2d 998, 999 (Alaska 1970) ; and Morrison-Knudsen Co. v. Vereen, 414 P.2d 536, 543 (Alaska 1966).

9. Keiner v. City of Anchorage, 378 P.2d 406, 411 (Alaska 1963).

10. Laborers & Hod Carriers U., Loc. No. 341 v. Groothuis, 494 P.2d 808, 811 (Alaska 1972).

11. Wilson v. Erickson, 477 P.2d 998, 1002 (Alaska 1970) ; Cook v. Alaska Workmen's Compensation Board, 476 P.2d 29, 32 (Alaska 1970) ; Morrison-Knudsen Co. v. Vereen, 414 P.2d 536, 543 (Alaska 1966).

12. AS 44.62.570 sets out standards for review by the superior court of administrative decisions :

Scope of review. (a) An appeal shall be heard by the superior court sitting without a jury. (b) Inquiry in an appeal extends to the following questions: (1) whether the agency has proceeded without, or in excess of jurisdiction; (2) whether there was a fair hearing; and (3) whether there was a prejudicial abuse of discretion. Abuse of discretion is established if the agency has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

And see Forth v. Northern Stevedoring & Handling Corp., 385 P.2d 944, 947–948 (Alaska 1963) ; 3 Larson, The Law of Workmen's Compensation §§ 80.00, 80.10 at 244–248 (1971).

13. Pan American Petroleum Corp. v. Shell Oil Co., 455 P.2d 12, 21 (Alaska 1969).

14. Banks v. Chicago Grain Trimmers Asso., 390 U.S. 459, 467, 88 S.Ct. 1140, 1145, 20 L.Ed.2d 30, 37 (1968) ; Case v. Calbeck, 304 F.2d 198, 201–202 (5th Cir. 1962) ; Fischback & Moore of Alaska, Inc. v. Lynn, 453 P.2d 478, 484–485 (Alaska 1969).

Appellant's third specification of error is that the superior court erred in setting aside the Board's February decision as there was substantial evidence in the record supporting its decision. We agree. It is easiest to discuss this issue in terms of what must be shown in order for the Board to grant compensation rather than deny it as it did here. The Board had concluded in February 1971 that Rodgers was not permanently totally disabled and that his condition was not the result of the original compensable injury but of separate and intervening causes. To later award compensation, the Board would need to find that the claimant was permanently and totally disabled *and* that such condition was the natural result of the original compensable injury. Since the Board's February 1971 decision was based on its conclusions as to the effect of the separate and intervening accidents, to reverse that decision those conclusions would have to be directly challenged. However, there was no evidence presented as to the effect of the separate and intervening causes in the petition for modification. At the modification hearing, Rodgers' counsel merely argued that even though there had been other intervening accidents, Rodgers original, work-related accident had still continued to have effect, and that he had never recovered from it. In his deposition, Dr. Bender stated that he thought the 1967 accident was the precipitating factor in Rodgers' conversion hysteria, that the combination of his conversion reaction and physical condition rendered him totally disabled, and that the condition could be permanent. In a letter to the insurance carrier describing his examination of Rodgers, Dr. Bender did not indicate any awareness of claimant's several accidents following the original compensable injury. The testimony of Violet Rodgers merely described Rodgers' condition. Neither her testimony nor Dr. Bender's deposition and letter touch the issue of the causal effect of the intervening events upon claimant's condition. Since no evidence was directed towards this issue, and a resolution of this issue in favor of claim-

ant is necessary to an award of compensation, we find that the denial of compensation was well within the boundaries established by the substantial evidence rule.

We reverse the superior court's judgment and remand with directions to enter judgment in conformity with this opinion.

Reversed and remanded.