STATE of Alaska, DEPARTMENT OF LABOR, Appellant,

v.

Gayle BOUCHER and Vesta L. Spanos, Appellees.

No. 3329.

Supreme Court of Alaska.

July 21, 1978.

David T. LeBlond, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellant.

James H. Ottinger, M. Ashley Dickerson, Inc., Anchorage, for appellees.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

BURKE, Justice.

The Alaska Department of Labor appeals from a decision of the superior court which set aside an administrative adjudication by the Department of Labor denying appellees Gayle Boucher and Vesta Spanos unemployment benefits. The main issue on appeal is whether the agency's decision that the claimants were ineligible for benefits because they were "not available for suitable work" under AS 23.20.380(1) was supported by substantial evidence.

Appellees Boucher and Spanos were employed for several years as accounting clerks for the Army and Air Force Exchange Service at Elmendorf Air Force Base in Anchorage. In February, 1974, while still employed full-time, the two women became part-time cosmetology students at Anchorage Beauty College in the evenings after work. On August 30, 1974, each left her job at the Exchange in order to study cosmetology on a full-time basis.

Thereafter, Spanos and Boucher applied for unemployment benefits with the Employment Security Division of the Department of Labor. Benefits were denied on

the grounds that appellees were not fully available for work as required by AS 23.20.-380(1) because of their school attendance and that they were not otherwise entitled to benefits on account of attending a training course pursuant to AS 23.20.382.[1] Spanos and Boucher appealed these determinations administratively and, after hearings before an appeal referee, the denial of benefits as to each claimant was sustained on both grounds.[2] Upon further administrative appeal, the Commissioner of Labor affirmed the decision of the appeal tribunal denying benefits.[3]

Appellees then appealed to the superior court on the single issue of whether or not they were "available for suitable work" under AS 23.20.380(1). They did not appeal the other grounds for denial of benefits. In a memorandum decision, the superior court held that the Commissioner's conclusion that the claimants were ineligible for benefits under AS 23.20.380(1) was arbitrary and not supported by substantial evidence on the record. Accordingly, the court set aside the Commissioner's determination. It is from this decision that the Department of Labor appeals.

The Alaska Employment Security Act, AS 23.20.005–535, establishes a comprehensive program which provides unemployed workers with job placement services and cash benefits during the period of their unemployment. Under AS 23.20.380(1), however, an individual may not receive unemployment benefits if the department finds that he or she is "not available for suitable work." At the outset, it is necessary for us to determine generally what constitutes availability for work as this term is not defined in the statute.[4]

Appellees Spanos and Boucher contend that to be available for work, a claimant need only be available for a substantial part of the day, e. g., six hours. The Department of Labor, on the other hand, maintains that a person must be available for

---

1. AS 23.20.380 provides in relevant part:
   *Disqualification for benefits.* An insured worker is disqualified for waiting-week credit or benefits for a week of his unemployment if with respect to the week the department finds that
   (1) he was not able to work or was not available for suitable work for the week . .

   .     .     .     .     .

   AS 23.20.382 stated at the time appellees applied for benefits:
   *Benefits while attending approved training course.* Benefits or waiting-week credit for any week shall not be denied an otherwise eligible individual because he is attending a training or retraining course with the approval of the employment security division or because, while attending the course, he is not available for work or refuses an offer of work.

2. Appellee Boucher was also found ineligible for benefits for the period of August 25, 1974 through October 5, 1974 on the ground that she had voluntarily quit her previous job without good cause under AS 23.20.380(2). That section provides in part:
   An insured worker is disqualified for waiting-week credit or benefits for a week of his unemployment if with respect to the week the department finds that

   .     .     .     .     .

   (2) he left suitable work voluntarily without good cause; in this case he is disqualified for the week in which he left work and the

   five weeks of continuous unemployment immediately following that week   .   .   . .
   Appellee Spanos was not similarly penalized; the reason for this is unclear, however, since both had quit the same employer for the same reason.

3. AS 23.20.435 provides:
   *Review by department.* (a) An appeal to the department by a party is a matter of right if the decision of the appeal tribunal reverses or modifies the determination of the department, or if a question arising under § 380(9) of this chapter is presented. In all other cases further appeal to the department is permitted only at the discretion of the department.
   (b) The department on its own motion may initiate a review of a decision or determination of an appeal tribunal within 15 days after the date of the decision. The department may affirm, modify, or reverse the findings or conclusions of the appeal tribunal solely on the basis of evidence previously submitted, or upon the basis of additional evidence which it may take or direct to be taken.

4. We construe the statutory phrase "available for suitable work" independently of the construction placed on it by the Department. *See* *State v. Aleut Corporation,* 541 P.2d 730, 737 (Alaska 1975).

full-time work in order to qualify for benefits. The appeal referee gave the term the latter interpretation in his denial of benefits to appellees.

We agree with the Department that a claimant must be available for full-time work in order to qualify for unemployment benefits.[5] The primary purpose of the Alaska Employment Security Act is to ameliorate the negative effects that involuntary unemployment has on both the unemployed individual and society as a whole. AS 23.20.010.[6] This purpose is furthered, in part, by the availability requirement since it ensures that unemployment benefits go to those whose unemployment is truly involuntary; i. e., those who are ready and willing to work if a job becomes available to them. Given this policy, we do not believe that the legislature intended to benefit those who have voluntarily limited their ability to obtain work by being unavailable for full-time work.

Turning to the instant case, the sole question before us is whether the agency's determination that appellees were not available for full-time work is supported by substantial evidence in light of the whole record. AS 44.62.570;[7] *Interior Paint Company v. Rodgers*, 522 P.2d 164, 169–70 (Alaska 1974). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Keiner v. City of Anchorage*, 378 P.2d 406, 411 (Alaska 1963). Under this standard, it is "not the function of the [reviewing] court to reweigh the evidence or choose between competing inferences, but only to determine whether such evidence exists." *Interior Paint Company v. Rodgers, supra* at 170.

After carefully reviewing the record we find that there was substantial evidence to support the Labor Department's conclusion that appellees Spanos and Boucher were not available for full-time work. Therefore, we reverse the superior court's order setting aside the agency's decisions.

After quitting her job at the Exchange, claimant Spanos began to attend cosmetology classes from 4 to 10 p. m., Monday

---

5. Our decision does not encompass situations where a claimant had been employed previously in part-time work or where a claimant is still considered unemployed under AS 23.20.505 despite the fact that he or she is working part-time. We express no opinion as to such situations. Nor does our decision apply where a claimant attends an approved training course pursuant to AS 23.20.382. *See* note 1, *supra*.

6. AS 23.20.010 provides:
   *Policy.* As a guide to the interpretation and application of this chapter, the public policy of the state is declared to be as follows: Economic insecurity due to involuntary unemployment is a serious menace to the health, morals and welfare of the people of the state. Involuntary unemployment is, therefore, a subject of general interest and concern which requires appropriate action by the legislature to prevent its spread and to lighten its burden and to maintain purchasing power as a factor in stabilizing the economy of the state. This can be accomplished by encouraging employers to provide more stable employment and by the systematic accumulation of funds during periods of employment from which benefits may be paid for periods of involuntary unemployment. The legislature, therefore, declares that, in its considered judgment, the public good and the general welfare of the citizens of the state require the enactment of this measure, under the police power of the state, for the operation of public employment service offices and for the establishment of an employment security program to be used for the benefit of eligible unemployed persons.

7. AS 44.62.570 provides in relevant part:
   *Scope of review.* (a) An appeal shall be heard by the superior court sitting without a jury.
   (b) Inquiry in an appeal extends to the following questions: (1) whether the agency has proceeded without, or in excess of jurisdiction; (2) whether there was a fair hearing; and (3) whether there was a prejudicial abuse of discretion. Abuse of discretion is established if the agency has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.
   (c) The court may exercise its independent judgment on the evidence. If it is claimed that the findings are not supported by the evidence, abuse of discretion is established if the court determines that the findings are not supported by (1) the weight of the evidence, or (2) substantial evidence in the light of the whole record.

through Friday, although she tried to put in eight hours a day when possible. In order to qualify for a beauty operator license she had to attend classes for 2000 hours. When questioned at her hearing as to whether she was willing to give up school for full-time work, Spanos testified that she would rather not do so. Although she stated that she could, if necessary, resume her former working hours while attending school at night as before, she further testified that she was not sure that she could actually do so because of the difficulty she had encountered with such a schedule. At another point in the hearing, the following exchange took place between Spanos and the appeal referee:

MR. SMIGIN: [H]ave you made any effort to try to get any work while you're going to school?

MS. SPANOS: No, not while I was waiting for this determination.

MR. SMIGIN: Have you applied anywhere at all for any kind of work?

MS. SPANOS: No sir. I was waiting to find out . . .

MR. SMIGIN: What do you feel that you . . . you think you can do while you're going to school?

MS. SPANOS: I really don't know. I don't know what would be available for a few hours a day.

Taking Spanos' testimony as a whole, it was clearly reasonable for the agency to have concluded that Spanos was neither willing nor prepared to find and maintain a full-time job during the period in which she was going to school. Her primary interest was to obtain her beauty operator license in a reasonable amount of time and at most she was open to the idea of working a few hours a day. In our view, this evidence was sufficient to support the Department of Labor's conclusion that claimant Spanos was not available for full-time work.

In appellee Boucher's case, the record is somewhat less conclusive as to her availability for full-time work. After leaving her job at the Exchange, Boucher began to attend beauty operator classes from around 4:30 or 5 p. m. to 10 p. m., although she planned to increase her hours if possible to 2–10 p. m. At her hearing, Boucher testified that she was not prepared to give up school for full-time work.

When first applying for unemployment benefits, Boucher stated that she was not available for work while attending beauty college classes. At her hearing, however, she argued that in her opinion she was available for work at other than a straight 8 a. m. to 5 p. m. shift and that she would accept such work if she was capable of performing it. She did not state that she had been looking for work but did say that she had registered at the Manpower Center as she had been told to do by agency personnel.[8]

Although we find that the question of whether Boucher was available for full-time work was a close one, we nonetheless believe that there was substantial evidence to support the Department of Labor's conclusion that Boucher was not sufficiently available to qualify for benefits. The evidence was somewhat conflicting and the appeal referee was in the best position to determine whether the claimant was willing and ready to assume full-time work while attending school. In our opinion there was adequate evidence to support the conclusion that Boucher was not, in fact, truly available for such work. *Interior Paint Company v. Rodgers, supra.*

For the foregoing reasons, the judgment of the superior court setting aside the determinations made by the Department of Labor is REVERSED.

RABINOWITZ, J., with whom BOOCHEVER, C. J., joins, concurs.

RABINOWITZ, Justice, with whom BOOCHEVER, Chief Justice, joins, concurring.

Although I agree with the result reached by the court, I deem it appropriate to artic-

8. AS 23.20.375(a)(2) provides that a claimant must register for work in order to be eligible for unemployment benefits.

ulate what I conceive to the applicable standard of review in the case at bar. In the past in reviewing administrative decisions involving questions of law, we have recognized that two standards apply. In matters involving agency expertise, a "reasonable basis" standard is to be used. In matters where no expertise is required, a "substitution of judgment" test is involved. *Jager v. State* 537 P.2d 1100, 1107 n. 23 (Alaska 1975). In my view, the instant case involves matters of agency expertise (*i.e.* giving content to the phrases "available for full-time work" and "available for suitable work") which reflect administrative experience with the subject matter and realization of statutory policies. *See Oil Heat Institute, Inc. v. Alaska Public Service Corp.,* 515 P.2d 1229, 1233 n. 1 (Alaska 1973).