Geneva HULSEY, Appellant,

v.

JOHNSON & HOLEN, Appellee.

No. S–3859.

Supreme Court of Alaska.

July 26, 1991.

Helen L. Simpson, Anchorage, for appellant.

Elizabeth I. Johnson, Anchorage, for appellee.

## OPINION

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

BURKE, Justice.

### I

In February 1987, Ms. Geneva Hulsey contacted the law firm of Johnson & Holen, seeking representation in her efforts to reopen two related claims: a workers' compensation claim and an arbitration claim. Elizabeth Johnson, of Johnson & Holen, undertook to represent Ms. Hulsey in both actions.

In March 1988, before it would agree to hear the merits of Ms. Hulsey's request to reopen the compensation claim, the Alaska Workers' Compensation Board (Board) directed the parties to address a statute of limitations issue. Soon thereafter, in May 1988, Ms. Hulsey filed a notice of withdrawal of counsel with the Board. Ms. Hulsey and Johnson & Holen then terminated their attorney-client relationship. Johnson & Holen submitted a bill to Ms. Hulsey for $8,483.27 for efforts spent in the attempt to reopen both the workers' compensation claim and the arbitration claim. Ms. Hulsey paid Johnson & Holen $5,323.60, but refused to pay the remaining $3,159.67. Johnson & Holen filed a small

claims action in district court for the latter amount.

The district court, Judge Paul E. Olson, tried the small claims action in August 1988. At trial, Ms. Hulsey did not dispute the number of hours claimed by Johnson & Holen; rather, she argued that the portion of Johnson's fee related to her workers' compensation claim required Board approval, before Johnson & Holen legally could bill her for the work. The district court disagreed and ruled that Johnson's efforts to reopen the workers' compensation claim did not constitute the rendering of services related to a claim before the Board, because the Board "had not agreed to hear the case." The district court entered judgment against Ms. Hulsey for $3,159.27.

Ms. Hulsey appealed the district court's decision to the superior court. The superior court, Judge Rene J. Gonzalez, exercising independent judgment, affirmed the judgment of the lower court. Ms. Hulsey petitioned this court for hearing, and her petition was granted.

## II

■ Alaska Statute 23.30.145(a) provides that "[f]ees for legal services rendered *in respect to a claim* are not valid unless approved by the board." [1] (Emphasis added.) Johnson & Holen admit that they have not sought Board approval of any part of the fee they have charged Ms. Hulsey. Thus, the only question in this case is whether Johnson & Holen performed "legal services rendered in respect to a claim," within the meaning of AS 23.30.145, when they undertook to "reopen" Ms. Hulsey's claim.

■ The obvious answer, in view of the controlling statutes and this court's prior decisions interpreting them, is that Johnson & Holen *did* render service in respect to a claim. To begin with, the Board correctly treated Ms. Hulsey's petition to "reopen" her claim as a petition for modification under AS 23.30.130.[2] *See Metcalf v. Felec Serv.*, 784 P.2d 1386, 1387 (Alaska 1990). As we previously have explained, a modification proceeding under AS 23.30.130 "originates in the initial claim for compensation." *Interior Paint Co. v. Rodgers*, 522 P.2d 164, 167 (Alaska 1974). Thus, an application to modify a prior order invokes the Board's jurisdiction over the original claim. As a result, any effort by Johnson & Holen to modify the original Board order amounted to "legal services rendered in respect to a claim"—*i.e.*, in respect to Ms. Hulsey's original claim—within the meaning of AS 23.30.145.

■ Johnson & Holen argue that the Board somehow avoided "taking jurisdiction" of Ms. Hulsey's case by directing the parties to address the statute of limitations issue as a threshold matter. This argument is illogical. Alaska Statute 23.30.130 imposes evidentiary standards for Board review of petitions and a limitations period in which Board review may occur. The Board thus acts within its jurisdiction with respect to modification of the original claim when it decides whether the limitations period has run. *Cf. Interior Paint Co.*, 522 P.2d at 167. Hence, all efforts in this case rendered in respect to the modification of Ms. Hulsey's original claim, including any

---

1. The Board itself, under its regulatory power, has established an exception to the Board-approval rule of AS 23.30.145 for some small attorney's fees payments in workers' compensation cases. *See* 8 AAC 45.180(c) (Supp.1991). The Board's regulation provides that *if* the fee is a one-time-only charge, *if* the attorney has not actually entered "an appearance" before the Board in the case, *and if* the fee is $300 or less, then the attorney may receive the fee without seeking further Board approval. *Id.* Of course, Johnson & Holen claim significantly more than $300 for their services in this case.

Notably, AS 23.30.260 makes receiving a fee "on account of services in respect to a claim" a misdemeanor unless the Board has approved that fee.

2. *Modification of Awards.* (a) Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions ... or because of a mistake in its determination of a fact, the board may ... before one year after the rejection of a claim, review a compensation case.... AS 23.30.130.

preliminary efforts related to the statute of limitations problem, fall within the purview of AS 23.30.145. Johnson & Holen had no right to charge Ms. Hulsey a fee for the time spent on those efforts.

The decisions of the superior court and the district court are REVERSED.